Mulligan v. Commonwealth.

---

CASE 33—INDICTMENT—September 16.

# Mulligan v. Commonwealth.

## APPEAL FROM GRANT CIRCUIT COURT.

IN ORDER TO CONVICT ONE AS AIDER AND ABETTOR, the principal must be indicted jointly with him; or, if he be indicted alone, the indictment must disclose the name of the principal, and give a description of his acts.

CRAM & MENEFEE AND H. CLAY WHITE FOR APPELLANT.

1. As the indictment against appellant charged him merely with detaining a woman against her will, with intent to have carnal knowledge with her, it was error to instruct the jury that they might find him guilty if they believed he detained the woman against her will, with intent that *others* might have carnal knowledge with her. (Gen. Stat., chapter 29, article 4, section 9.)

2. The language of the indictment should have been substantially in the language of the statute. (Conner v. Commonwealth, 13 Bush, 714; Commonwealth v. Tanner, 5 Bush, 317; Commonwealth v. Turner, 8 Bush, 2.)

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLEE.

1. The gist of the offense denounced by the statute is the detention with the evil design, whether the design be that the defendant or another shall have carnal knowledge with the woman detained. The instruction complained of was, therefore, correct.

2. One charged as principal may be held on proof that he aided and abetted. (Young v. Commonwealth, 8 Bush, 372.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant was indicted, tried and convicted in the Grant Circuit Court of the crime of detaining Margaret Ford against her will, with the intent to have carnal knowledge with her.

The indictment charges appellant alone with the commission of the crime.

The evidence of Mrs. Ford shows that at about twelve o'clock at night appellant, together with two other persons, all of whom she knew, came in to her house, while she and her husband were in bed, and knocked out the light, and then one of them went to the bed and struck her husband one blow with an iron spike, as she supposed, which knocked him senseless; and then one of them took her out of bed, and stood her up against the foot-board of another bed, and with one hand upon her throat and the other around her waist, raped her; that they then left the house, and returned after awhile, and another one of them raped her in precisely the same manner. She does not pretend to know which one of the men was guilty of this treatment of her, but the inference is strong that it was not the appel-

lant. She is the only witness who testified in reference to this matter.

The lower court then instructed the jury in substance, first, that they must find the defendant guilty if they believed from the evidence, beyond a reasonable doubt, that he detained Mrs. Ford against her will to have carnal knowledge with her himself, or that another man should have carnal knowledge with her; or, second, that being in convenient distance for that purpose, he aided and abetted others to detain her against her will to have carnal knowledge with her.

The appellant excepted to this instruction, and the jury, having found him guilty, and fixed his punishment at confinement in the State penitentiary for the period of two years, and the appellant, having moved the court to grant him a new trial upon the ground, among others, that the foregoing instruction was wrong, and the court having overruled his motion, he has appealed to this court.

The appellant complains of the second part of the instruction as erroneous. He contends that, as he was indicted as the sole perpetrator of the crime, he could not be convicted as an aider and abettor. We shall devote our inquiries to that matter.

Blackstone, in the 2d volume of his Commentaries, page 34, says:

"A principal in the first degree is he that is the actor or absolute perpetrator of the crime; and in the second degree he is who is present aiding and abetting the fact to be done, which presence need not always be an actual and immediate standing by

within sight or hearing of the fact; but there may be also a constructive presence, as when one commits a robbery or a murder, and another keeps watch or guard at some convenient distance."

It is true that they are both principals. The one who is the absolute perpetrator is principal in the first degree. The other, who aids and abets, is principal in the second degree.

To make a man principal in the second degree, there must be a principal in the first degree to do the principal fact—to perpetrate the main fact; failing in that, there can be no principal in the second degree.

The principal in the first degree is the one who actually commits the criminal act. By his act he is guilty without reference to the act of the principal in the second degree. It does not require the aid of his act to complete the guilt of the principal of the first degree, but the principal of the second degree can not be guilty of crime unless the principal of the first degree actually perpetrates the act. By perpetrating it he is guilty, although the principal in the second degree fails to do his part; but if the principal in the first degree fails to do his part, the principal in the second degree, although he has done his, is not guilty.

So one can not be guilty of aiding and abetting the perpetration of a crime without first showing that the crime has been actually committed by another party. One can not be aider and abettor of himself in the commission of a crime. Two or more persons must act; so one can not be convicted

as aider and abettor of a criminal act without proving that some one else participated by actually perpetrating the crime.

While it is well settled that two or more persons indicted as the actual perpetrators of a crime may be convicted as principals, although some of them were merely aiders and abettors (Thompson v. Commonwealth, 1 Met., 13; Young v. Commonwealth, 8 Bush, 366), yet the principle of these cases does not meet the question here. There the principal and the aiders and abettors were all jointly indicted as principals. They were notified by the indictment that the Commonwealth would try to make out a complete offense against all of them by proving the separate acts of each relating to the perpetration of the deed. These cases do not show that a person indicted as the perpetrator of a crime can be convicted upon proof that some one else, not charged or named in the indictment, was the perpetrator, and the person charged merely his aider and abettor, by doing some act possibly out of sight or hearing of the principal fact.

The Criminal Code, section 122, says that the indictment must contain "a statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended."

The object of the indictment is to make known to the accused with what particular crime he is charged, and that the Commonwealth will attempt to prove it as charged. So to indict both the principal and aider and abettor as principals, they are notified

that the Commonwealth can and will attempt to prove, in order to make out their crime, that one did the principal act and the other aided and abetted, and may prepare their defense accordingly.

Or if the Commonwealth does not choose to indict the principal in the first degree, or for any reason can not do so, but wishes to indict the aider, and will set forth in the indictment the name of the principal, together with his acts or participation in the crime, then it can be said that defendant is given a statement of the acts constituting the offense charged against him. On the other hand, to indict him as the only perpetrator of the crime, and then on the trial be permitted to prove that he was not guilty of the crime as charged—the actual perpetrator of it— but that some one else was guilty, not named in the indictment, and thus secure a conviction, would certainly violate the rule. Of course, if the party indicted was the perpetrator of the crime, if his act completed it, then the principle contended for does not apply. It is only in the case of aiders and abettors who do not commit the principal fact, whose acts of themselves are not criminal, and, in the nature of things, can not be, but some third party must do the material act to complete the crime, in order to reach the aider and abettor, that we hold that, in order to convict one as aider and abettor, the indictment must include the principal actor jointly, or disclose who he is, together with a description of his acts; then it can be truly said that the indictment furnishes the defendant with a statement of the facts constituting his offense.

Being thus notified, he is given an opportunity to prove in what relation this third party stood to the principal fact, whether guilty or not guilty, whether justifiable or excusable.

This court, in the case of Tully v. Commonwealth, 11 Bush, 158, says: "In all such cases, both at common law and under the statute inflicting punishment on accessories, it devolves on the Commonwealth to show the guilt of the principal felon before a conviction of the accessory can be had. Therefore, it is necessary that an indictment shall contain such allegations as to the commission of the crime and guilt of the principal as would make it a good indictment against the principal; and these statements are indispensable to the validity of an indictment, whether joint or several, in a proceeding at law or under the statute."

The foregoing is the rule in regard to accessories. Why? Because they are not the perpetrators of the principal fact; but when another perpetrates it, they are both equally guilty; yet it is necessary to inform him in the indictment who that perpetrator is, etc.

Also, the aider and abettor is not the perpetrator of the principal fact. He can not be convicted without first showing that the crime has been actually committed by a third party.

The case of Tully v. Commonwealth and this case, it seems to us, stand, as far as the question involved here is concerned, upon similar grounds.

We conclude, therefore, first, that the Commonwealth may, if it chooses, indict both principal and

aider and abettor jointly as principals, and secure-
a conviction against both without violating the rule
of the Code *supra*, because they are then furnished
with a statement of the facts constituting their
crime; or, second, the aider and abettor may be
indicted alone; but in that case he ought to be
furnished with a statement of the acts constituting
the crime. This can only be done by setting out in
the indictment the acts of the principal actor.

By this course the Commonwealth can not be-
wronged, and the defendant can not be taken una-
wares or by surprise, because the Commonwealth has.
informed him by a full statement of the facts of
which he is charged.

We have examined the authorities with reference
to this matter extensively, and find but one expres-
sion in any of the works on criminal law that mili-
tates against the views here expressed.

In Mr. Bishop's Criminal Procedure, vol. 2, page
3, he states that the aider and abettor may be in-
dicted and tried without naming the principal in the
indictment. He refers to but one case to support
that view, to wit: Rex v. Borthwick, 1 Douglass,
207. That case does not treat of the question
at all, but by inference it is an authority against
the view taken by Mr. Bishop.

We think, therefore, the second part of the in-
struction an error to the prejudice of the substan-
tial rights of appellant, and that his motion for a
new trial should have prevailed.

Wherefore, the judgment of the lower court, over-
ruling appellant's motion for a new trial, is reversed,

.and the case remanded, with directions to grant him a new trial, and for further proceedings consistent with this opinion.