## Terhune v. Commonwealth.

(Decided June 21, 1911.)

## Appeal from Boyle Circuit Court.

1. Criminal Law—Aider and Abettor—In order to convict one of aiding and abetting another in a crime, it is necessary either to jointly charge the principal with him in the indictment, if the principal be known, or, if he be unknown, that fact should appear, and the facts of aiding and abetting should be sufficiently set forth.

2. Same—Drunkenness as a Defense.—As to admitting drunkenness as a defense, there is a marked distinction between cases wherein a felonious intent must be shown to constitute the offense, and those cases where the act itself constitutes the offense. In the first class of cases evidence of drunkenness is admissible as a defense; in the last class it is not admissible.

J. W. RAWLINGS and ROBERT HARDING for appellant.

JAMES BREATHITT, Attorney General and CHARLES H. MORRIS, Assistant Attorney General for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

The grand jury of Boyle county returned the following indictment against appellant:

"The grand jury of the county of Boyle in the name and by the authority of the Commonwealth aforesaid accuse Kyle Terhune of the crime of robbery, committed in manner and form as follows: The said Kyle Terhune in the county and State aforesaid, on the 25th day of September, 1910, and before the finding of this indictment, did unlawfully and feloniously take, steal and carry away a watch and other property of value, a better description the grand jury is unable to give, the property of Allie Veach, from his person by force, and putting him in fear of some immediate injury. Against the peace and dignity of the Commonwealth of Kentucky."

The parties were young men who had been drinking freely immediately before the assault, and all of them were evidently quite drunk. The evidence is contradictory as to whether Terhune or Tompkins, a negro, committed the assault on Veach, which preceded the taking of his watch; but both were present and taking part in the assault.

It is unnecessary to further detail the circumstances of the alleged robbery, since the case must be reversed for the reason that the instructions were not proper under the indictment.

The court gave the following three instructions:

1. "If you believe from the evidence in this case beyond a reasonable doubt that in Boyle county and before the finding of the indictment herein the defendant, Kyle Terhune, wilfully and feloniously took, stole and carried away personal property of value belonging to Allie Veach from his person by force and putting him in fear of some immediate injury, or was present and wilfully and feloniously aided and assisted Jip Tompkins in wilfully and feloniously taking, stealing and carrying away said property of said Veach from his person by force and putting him in fear of some immediate injury, you will find the defendant guilty of robbery as charged in the indictment and the court will fix the penalty."

2. "If you have a reasonable doubt as to whether the defendant has been proven guilty you will render a verdict of not guilty."

3. "You cannot convict the defendant, upon the testimony of any accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows that the offense was committed and the circumstances thereof."

The appellant was charged with robbery only, while the first instruction directed his conviction if he was guilty of the robbery charged, or if he aided or assisted Tompkins in the robbery—a crime not charged in the indictment.

In Commonwealth v. Carter, 94 Ky., 528, the court said:

"There can be no doubt of the correctness of the rule that, in statutory offenses where the plain intent of the statute is to inflict punishment only on the person actually committing the offense, others cannot be brought within its provisions as principals upon proof that they were aiders and abettors."

So, while aiders and abettors may be punished, as principals, under a statute creating a felony, unless it is plain from the nature of the offense that the intent of the statute to inflict punishment only on the person who actually committed the offense, in order to so punish

them the indictment should charge them with being aiders and abettors.

This question was considered by this court at some length in Taylor v. Commonwealth, 28 Ky. L. R., 823, wherein we used this language concerning an indictment which, like the one now before us, failed to name the persons whom the proof showed the accused had aided and abetted:

"By failing to name the person or persons supposed to have been aided and abetted, it failed to inform the defendant with what he was charged. In order to convict one of aiding and abetting another with a crime, it is necessary either to charge the principal with him in the indictment or, if this be not known, then the name of the principal should be stated, if known, or, if unknown, that fact should appear, and the facts of aiding and abetting sufficiently set forth."

Section 122 of the Criminal Code requires that the indictment must contain "a statement of the acts constituting the offense, in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended and with such degree of certainty as to enable the court to pronounce judgment, on conviction, according to the right of the case."

Construing this section in Mulligan v. Commonwealth, 84 Ky., 233, the court said:

"The object of the indictment is to make known to the accused with what particular crime he is charged, and that the Commonwealth will attempt to prove it as charged. So to indict both the principal and aider and abettor as principals, they are notified that the Commonwealth can and will attempt to prove, in order to make out their crime, that one did the principal act and the other aided and abetted, and may prepare their defense accordingly.

Or if the Commonwealth does not choose to indict the principal in the first degree, or for any reason cannot do so, but wishes to indict the aider, and will set forth in the indictment the name of the principal, together with his acts or participation in the crime, then it can be said that defendant is given a statement of the acts constituting the offense charged against him. On the other hand, to indict him as the only perpetrator of the crime, and then on the trial be permitted to prove that

he was not guilty of the crime as charged—the actual perpetrator of it—but that some one else was guilty, not named in the indictment, and thus secure a conviction, would certainly violate the rule."

The same principle is announced in Benge v. Commonwealth, 92 Ky., 1; Commonwealth v. Hargis, 124 Ky., 356; and in Reed v. Commonwealth, 125 Ky., 126.

The Reed case reviews the cases and points out the distinction between those cases wherein the aider and abettor is jointly indicted with the principal, and where he is indicted alone for the crime. In the last class of cases, which includes the case at bar, he cannot be convicted of aiding and abetting the commission of the crime.

2. Appellant asked, but the court declined to give instruction A, which reads as follows:

"Although you may believe from the evidence beyond a reasonable doubt that the defendant took the watch and other property of Allie Veach, yet if you further believe from the evidence that the defendant was so drunk that he did not have the intention of robbing said Veach, you will find him not guilty."

There was ample evidence that appellant as well as the other persons connected with this affair were on a drinking spree. This or an equivalent instruction should have been given.

This question was determined in favor of giving the instruction in Keeton v. Commonwealth, 92 Ky., 523, in the following explicit language:

"It has been held by this court in more than one case that drunkenness is no excuse for crime, and constitutes no defense even in a case of homicide where the accused was unconscious of the nature of the act, if that condition of his mind was the result of voluntary intoxication with a knowledge of the effect of liquor on his passions, still it has been adjudged in those same cases that the physical and mental condition of the accused at the time of the homicide is competent to show an absence of malice and thus reduce the crime from that of murder to manslaughter. Malice being one of the essential ingredients of murder, if the accused was so unconscious as evidenced his want of capacity to entertain malice, then his offense is manslaughter. (Shannahan v. Com-

monwealth, 8 Bush, 463; Buckhannon v. Commonwealth, 86 Ky., 110.)

If, therefore, the degree of guilt in cases of homicide is to be determined by the capacity of the accused to premeditate the crime, that is to kill with malice, it must follow, and such is the well recognized doctrine on the subject, that in cases where the intent or purpose of the party is a necessary element to constitute the crime it is competent to show that the physical and mental condition of the accused was such as shows him unable to entertain or form a felonious intent.''

The same principle was announced in Wilkerson v. Commonwealth, 88 Ky., 33; Rogers v. Commonwealth, 96 Ky., 28; and Bishop v. Commonwealth, 109 Ky., 567.

As to admitting evidence of drunkenness as a defense and instructing the jury thereon, there is a marked distinction between cases of this class wherein a felonious intent must be shown to constitute the offense, and those cases where the act done constitutes the offense. In the first class of cases evidence of drunkenness is admissible; in the last class it is not.

Reversed for a new trial.