## Hollin v. Commonwealth.

(Decided March 9, 1915.)

## Appeal from Clark Circuit Court.

1.  Indictment—Requisites and Sufficiency of Accusation—Place of Offense—Separate Counts.—An indictment charging one with the offense of wilful murder as principal in the first count and as accessory in the second count, is not fatally defective because the second count fails to state the county in which the offense was committed.

2.  Criminal Law—Continuance—Discretion of Court.—There must be an affadivit of the accused filed in support of a motion for continuance, or tendered and offered to be filed, before the appellate court may review a charge of error in refusing a continuance.

3.  Criminal Law—Appeal and Error—Record and Proceedings Not in Record—Instructions Not Included in Bill of Exceptions.—Instructions not included in the bill of exceptions or made part of the record by order of court cannot be considered on appeal though copied into the transcript by the clerk.

C. F. SPENCER for appellant.

JAMES GARNETT, Attorney General, and O. S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

On December 6, 1913, Charles Hollin was tried in the Clark Circuit Court upon an indictment charging him with the crime of wilful murder, and was found guilty of voluntary manslaughter. He appealed, and on April 17, 1914, the judgment was reversed by this court for errors in the instructions. See Hollin v. Commonwealth, 158 Ky., 427, 165 S. W., 407, wherein the facts are sufficiently stated.

Upon the return of the case to the circuit court a new indictment was returned against him, and a trial thereon on September 16, 1914, resulted in a second verdict, finding him guilty of voluntary manslaughter; and he again appeals.

1. The second indictment (the one here involved) is in two counts. By the first count he is charged with murder in taking the life of Louis Brandenberg. By the second count he is charged with aiding and abetting Ben White in the murder of Brandenberg.

Appellant contends that the court erred in overruling his demurrer to the second count of this indictment be-

cause the second count failed to allege that the aiding and abetting took place in Clark County.

The place of the offense is sufficiently alleged in the first count, and this being the fact, and only one offense being charged in the indictment, it was not fatal to the indictment that the place of the offense was not also charged in the second count. The criticism of the indictment offered is not a matter that goes to the substantial rights of the accused, and this court is not disposed to favor charges of error in matters wherein no prejudice has been effected to the substantial rights of the convicted appellant. The attitude of the court in respect of matters of this kind is stated in Overstreet v. Commonwealth, 147 Ky., 471, 144 S. W., 751.

2. Appellant also complains because the lower court refused to continue the case. He contends, and charged in the motion and grounds for a new trial, that when this prosecution was remanded to the circuit court, it was set for trial on September 15, 1914; that upon the calling of the case on that day, the present or new indictment was returned into court by the grand jury, no order having been theretofore made remanding the case to the grand jury, and that neither he nor his counsel knew it had been so remanded to the grand jury until the new indictment was returned; that immediately upon the filing of the new indictment, the Commonwealth announced ready for trial, and that defendant, on calling his list of witnesses, ascertained that there were several witnesses absent, a number of whom had been served with subpoena; that his counsel then moved the court for time to prepare an affidavit for continuance, which was refused upon the ground that by the rules of the court counsel were required to have affidavits for continuance prepared and ready to be filed upon the calling of the case for trial. Who these absent witnesses were, or what, if present, they would have testified, or what efforts were made to obtain their presence, does not appear from the record. No affidavit was ever tendered or offered to be filed setting up the grounds of the motion for a continuance.

The proper practice under circumstances of this kind would have been for appellant to have prepared and tendered and offered to file, at some time during the proceedings, his affidavit in support of his motion for a continuance. As the matter stands, we have no way of ascertaining whether the trial court abused his discretion

in refusing the continuance asked for. The presumption is that the continuance was properly denied.

This case does not fall within the rule that the accused is entitled to a continuance at the appearance term unless the Commonwealth admits as true the statements contained in the defendant's affidavit in support of his motion therefor. The indictment last returned was merely a correction of the indictment on which the defendant had formerly been tried.

But, upon the merits of the contention, it may be said that the defense upon the trial could not have been changed materially from that made on the former trial. There were only two eye-witnesses to the crime, the widow of Brandenberg and the accused himself; and, having been tried before for the same offense, he knew what the proof for the Commonwealth would be. There is nothing in the record, nor even in appellant's brief, which would have entitled him to a continuance even had the matter been properly presented.

3. Appellant complains of the instructions. They are not included in the bill of exceptions, and unless they are so included, or made part of the record by order of court, they cannot be considered on appeal. Commonwealth v. Campbell, 91 S. W., 1128, 28 R., 1354.

4. Appellant also complains that the court erred in not passing the case, when one of his attorneys on whom he relied for the argument of the case was called away by the illness of his mother, so that the attorney in question might be present and argue the case in his behalf.

The record shows no request of this kind. It is not sufficient that objections be presented in the motion and grounds for a new trial. Rulings of the court of this kind in which error is asserted must be shown by the bill of exceptions. Blanton v. Commonwealth, 147 Ky., 812, 146 S. W., 10. However, appellant had two other attorneys, both of whom had represented him on the former trial, and under these circumstances the absence of the third would not be held to entitle accused to a new trial. Caudill v. Commonwealth, 155 Ky., 570, 159 S. W., 1149.

Upon a consideration of the entire case, we think appellant has had a fair trial. Two juries have found him guilty of voluntary manslaughter; and he has shown no reason for disturbing the verdict; wherefore, the judgment is affirmed.