## Pelfry v. Commonwealth.

(Decided Sept. 25, 1934.)

WILLIAMS & ALLEN and LEEBERN ALLEN for appellant.

BAILEY P. WOOTTON, Attorney General, and DAVID C. WALLS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

The grand jury of Breathitt county returned an indictment against Wiley Pelfry charging him with the

murder of Dan Cundiff. No other person was named in the indictment as principal, aider, or abettor, or as in any way participating in the crime. Under this indictment he has been convicted of voluntary manslaughter and his punishment fixed at imprisonment for 21 years.

In seeking a reversal of the lower court's judgment, it is urged: (1) that the court erred in instructing the jury; (2) that the court admitted incompetent and prejudicial evidence over the objections of accused, and (3) that the verdict is flagrantly against the evidence.

The evidence discloses that deceased was shot five times, one shot entering his face below the eye, another passing through the arm and into the body, and three entering different portions of the back. The difficulty out of which the homicide grew arose between Dan Cundiff and Morgan Pelfry, a brother of accused, and Morgan had shot Cundiff once or twice and the latter had fallen to the ground before appellant arrived at the scene. The tragedy occurred at a graveyard where a memorial service was being held. Some words had passed between Cundiff and Morgan Pelfry when the latter drew his pistol and began firing. The evidence for the commonwealth clearly indicates that Cundiff had drawn no weapon and had made no demonstration toward Morgan Pelfry until after he had been shot and had fallen to the ground. After he had fallen, he partially arose and was resting on his elbow firing at Morgan Pelfry when appellant came up back of deceased and fired a number of shots at him while he was in this position.

Appellant testified that some words passed between his brother and Cundiff a short time before the shooting occurred, and that following this he left the graveyard and went some distance away and out of sight of the scene of the difficulty. He heard some shooting, and, fearing his brother was in a difficulty, returned and saw Cundiff in the road making a step toward Morgan Pelfry and shooting at him; that, when he arrived, Cundiff fired a shot at him, and then turned back to Morgan Pelfry. There is also some evidence that Wiley Bryant shot at deceased during the difficulty. When the shooting ceased, Morgan Pelfry and Cundiff were both dead.

The first instruction in the usual form on murder and voluntary manslaughter is not called in question. But it is earnestly insisted by counsel for appellant that

instructions 2 and 2B are erroneous and highly prejudicial. The first paragraph of instruction 2 authorized the jury to find appellant guilty of murder if they believed from the evidence beyond a reasonable doubt that Morgan Pelfry or Wiley Bryant shot and killed Cundiff under circumstances that would constitute murder and appellant aided, abetted, etc., in such act.

In a second paragraph of this instruction marked B, the jury was authorized to find appellant guilty of voluntary manslaughter if they believed from the evidence beyond a reasonable doubt that Morgan Pelfry or Wiley Bryant shot and killed deceased in circumstances that would constitute that crime and that appellant was present aiding and abetting, etc., in such act.

As shown by the verdict of the jury, they found appellant guilty under "section 3" of the instruction, evidently referring to the latter part of the instruction marked B. It is insisted that, since the indictment charged appellant alone with the commission of the alleged crime, and does not charge him with aiding or abetting another named in the indictment, instruction 2 should not have been given.

In the case of Mulligan v. Commonwealth, 84 Ky. 229, 1 S. W. 417, 419, 8 Ky. Law Rep. 211, it was held in effect that, where an indictment charges one person alone with the commission of a crime, he cannot be convicted as an aider and abettor of another in the commission of such crime, and that in such circumstances it is error to give an instruction on aiding and abetting. In the course of that opinion it is said:

"The Criminal Code, Sec. 122, says that the indictment must contain 'a statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended,' etc. The object of the indictment is to make known to the accused with what particular crime he is charged, and that the commonwealth will attempt to prove it as charged. So, to indict both the principal and aider and abettor as principals, they are notified that the commonwealth can or will attempt to prove, in order to make out their crime, that one did the principal act, and the other

aided and abetted, and may prepare their case accordingly; or, if the commonwealth does not choose to indict the principal in the first degree, or for any reason cannot do so, but wishes to indict the aider, and will set forth in the indictment the name of the principal, together with his acts or participation in the crime, then it can be said that defendant is given a statement of the acts constituting the offense charged against him. On the other hand, to. indict him as the only perpetrator of the crime, and then, on the trial, be permitted to prove that he was not guilty of the crime as charged, the actual perpetrator of it, but that some one else not named in the indictment was guilty, and thus secure a conviction, would certainly violate the rule.''

The general rule as thus enunciated has been consistently followed or cited with approval in a number of cases: Taylor v. Commonwealth, 90 S. W. 581, 28 Ky. Law Rep. 819; Terhune v. Commonwealth, 144 Ky. 370, 138 S. W. 274; Reed v. Commonwealth, 125 Ky. 126, 100 S. W. 856, 30 Ky. Law Rep. 1212; Hollin v. Commonwealth, 158 Ky. 427, 165 S. W. 407, L. R. A. 1915E, 608; Deaton v. Commonwealth, 211 Ky. 651, 277 S. W. 1001; McIntosh v. Commonwealth, 234 Ky. 192, 27 S. W. (2d) 971.

On the return of the case of Hollin v. Commonwealth, supra, to the lower court, a new indictment was returned charging Hollin with murder in the first count and in the second charging him with aiding and abetting another in the crime. A conviction under that indictment was upheld in the case of Hollin v. Commonwealth, 163 Ky. 392, 173 S. W. 1106.

A number of criticisms are directed at instruction No. 3 on self-defense. It is first argued that this instruction is defective and erroneous, in that it deprived appellant of the right to rely on ''self defense or defense of another'' if the jury believed that Morgan Pelfry sought and brought about the difficulty by assaulting Dan Cundiff with a pistol if Morgan Pelfry had not abandoned the difficulty prior to the time Cundiff was killed. · Appellant testified that, when he arrived at the scene of the difficulty, and before he had in any way participated therein, Cundiff fired at him, and in this he was corroborated by other witnesses. This would entitle him to defend himself against such ·an attack,

446

even though Morgan Pelfry had sought and brought on the difficulty in which he and Cundiff were engaged at the time. Logan et al. v. Commonwealth, 174 Ky. 80, 191 S. W. 676.

What we have already said regarding instruction No. 2 disposes largely of the second objection directed at No. 3. However, in passing from this, it may be said that appellant had a right to act in defense of himself or in defense of another, including Wiley Bryant, and an instruction on that theory should have been given if there was evidence to justify it; however, as we recall, appellant did not claim that he acted in defense of Wiley Bryant.

Finally, it is urged that instruction No. 3 is erroneous and prejudicial, in that it leaves to the jury to determine from the evidence the real or apparent necessity for appellant to act in defense of himself or others and as to whether there was any safe way to avert the danger, real or apparent, without reference to his belief or judgment respecting these matters. Self-defense instructions in this form have consistently been condemned by this court. The form given in section 844, p. 1030, of Hobson, etc., on Instructions to Juries, has been approved by this court, and will serve as a guide in framing this portion of the self-defense instruction.

It is further insisted by counsel for appellant that the court erred in not giving an instruction on shooting and wounding with intent to kill under section 1166, Kentucky Statutes, and for shooting and wounding in sudden heat and passion under section 1242 of the Statutes, and as supporting this argument they cite Pergram v. Commonwealth, 241 Ky. 387, 44 S. W. (2d) 277. There is some evidence for the commonwealth which might indicate that Cundiff had received a mortal wound before appellant entered the difficulty. According to the evidence, the shots in the face below the eye and through the arm and into the body were fired from a .38 pistol and Morgan Pelfry was shooting with a pistol of that caliber. The three shots entering the back, some of which passed entirely through the body, were evidently fired by appellant, since the evidence shows that these wounds were made by a .32 pistol and appellant was shooting a pistol of that caliber. There is no positive evidence as to which shots caused the death of Cundiff, but it is very obvious from the evidence that

one or more of the shots fired by appellant could have proven fatal. According to his own evidence, these shots were fired during the encounter between deceased and Morgan Pelfry and while the former was standing on his feet. It is at once apparent that this case has many features that distinguish it from the cases relied upon, and it is to be doubted if appellant was entitled to the instruction contended for; however, since the case must be reversed for reasons already indicated, and it is impossible to determine how it may be developed in the event of another trial, the lower court should, with these cases as a guide, determine from the proven facts and circumstances whether such instructions are warranted.

The only question raised concerning the evidence relates to the introduction of the clothing worn by deceased at the time of the difficulty. It is insisted that the introduction of the clothing in evidence was erroneous, prejudicial, and calculated to inflame the minds of the jurors. The very short recital of the evidence hereinbefore given clearly demonstrates the fallacy of this argument, and demonstrates beyond question that this evidence was both competent and material. The recital of the evidence also discloses with equal certainty that the final insistence that the verdict is flagrantly against the evidence is wanting in merit.

For the reasons indicated, the judgment is reversed, and cause remanded for a new trial and for proceedings consistent with this opinion.