## Smith v. Commonwealth.

(Decided Feb. 5, 1935.)

BAILEY P. WOOTTON, Attorney General, and RAY L. MURPHY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

Greeley Smith, Mack Charles, Sonny Trent, and Thomas Bevins, who were jointly indicted for chicken stealing, were tried and convicted, and their punishment fixed at two years' imprisonment. Greeley Smith alone appeals.

The evidence is as follows: Phil Ratliff lived on Pinson fork of Pond creek, and worked at night in the mines of the Octavia Coal Company. Returning from his work early one morning during the last of July, or the first part of August, 1933, he noticed a light in the home of Thurston Bevins, and saw three men moving about in the kitchen. He also noticed that they had some chickens. On his way home he saw some chicken feathers along the tracks. Arriving home he made an investigation and found that four of his chickens had been stolen. He then swore out a search warrant for the purpose of searching Thurston Bevins' home. The officers found feathers and the heads of four chickens, which were identified by Ratliff as coming from his chickens. Thurston Bevins testified that very early on the same morning he went into his kitchen and saw a fire in the stove. He also saw some chickens in the washtub with their feathers on them. Mack Charles, Sonny Trent, and Greeley Smith were there. He did not want the chickens cooked there, but the boys said they were theirs. The boys stayed there and cooked them. Mack Charles and Sonny Trent cleaned the chickens. According to appellant he, Mack Charles, Bessie Bevins, and Sonny Trent were sitting on the railroad and some parties came up with the chickens. He did not know whether they had bought them or stolen them. The party went up to the home of Thurston Bevins and he followed along after. He had nothing to do with stealing the chickens or cleaning them, but did help to eat them. According to Mack Charles, Hazel Bevins, Bessie Bevins, and Fanny Varney, Monroe Ratliff and Walter Williamson stated they knew where some chickens were and went to get them. They all agreed that appellant was not with them when the chickens were stolen, nor did he help to carry the chickens away. However, Mack Charles did testify that appellant was present and helped clean the chickens. The only evidence against appellant is that he went with others who had the chickens to the home of Thurston Bevins and

helped to clean and eat the chickens. It cannot be doubted that these circumstances were sufficient to take the case to the jury, but, considered in the light of the other evidence, were not sufficient to sustain the verdict. All the witnesses agree that the chickens had been stolen and carried away before appellant appeared on the scene, and that being true, we are constrained to the view that the verdict is flagrantly against the evidence.

Another ground urged for reversal is that there was evidence tending to show that Mack Charles was an accomplice, and that the court erred in not submitting that question and the further question of corroboration, as required by section 241, Criminal Code of Practice. This view is opposed by the commonwealth on the ground that Charles' testimony was favorable to appellant. In the main that is true, but Charles did testify to the presence of appellant at the Bevins home, and to his helping to pick the chickens. This evidence was unfavorable, and as Charles was not produced by appellant as his witness, Campbell v. Commonwealth, 234 Ky. 552, 28 S. W. (2d) 790, the failure to instruct under the Code was error. Hendrickson v. Commonwealth, 235 Ky. 5, 29 S. W. (2d) 646.

The further point is made that the court by instruction No. 1 improperly authorized the conviction of appellant as aider and abettor of Monroe Ratliff and Walter Williamson, who were not named in the indictment. It is true that where two or more persons are jointly indicted as principals any one of them may be convicted as principal, or as aider and abettor of the others, and an instruction to that effect is proper when authorized by the evidence. Sumner v. Commonwealth, 256 Ky. 139, 75 S. W. (2d) 790; Hogan v. Commonwealth, 230 Ky. 680, 20 S. W. (2d) 710. But where one is indicted as the perpetrator of the crime, an instruction authorizing his conviction as the aider and abettor of others not named in the indictment is error. Pelfrey v. Commonwealth, 255 Ky. 442, 74 S. W. (2d) 913; Mulligan v. Commonwealth, 84 Ky. 229, 1 S. W. 417, 8 Ky. Law Rep. 211.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.