# Tillman v. Commonwealth.

(Decided May 3, 1935.)

ARCHIE EVERSOLE and WILLIAM LEWIS & SON for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant and defendant below, Garian Tillman, was indicted, tried, and convicted in the Laurel circuit court for the offense of grand larceny committed by stealing and carrying away an automobile, the property of John Pope, without his consent and with the intention of permanently depriving him thereof. His motion for a new trial contained a number of alleged errors of the court, but it was overruled, and on this appeal from the judgment pronounced on the verdict only three of them are argued in brief of counsel, the others contained in the motion being expressly abandoned. Those three are: (1) The admission of incompetent evidence offered by the commonwealth over defendant's objection; (2) the rejection of competent evidence offered by defendant, and (3) error in

instruction No. 1 given to the jury, each of which will be disposed of in the order named.

1. The alleged incompetent evidence complained of as a basis of error (1) related to the cross-examination of defendant with reference to his former conviction of a similar charge, but which was clearly competent, although the cross-examination was, perhaps, pursued slightly beyond the limits of strictly correct practice; but we would not be inclined to disturb the verdict and judgment for that departure, since we are convinced it was immaterial and nonprejudicial. However, upon another trial, if there should be one, the court will confine the cross-examination to the conviction and to the offense and degree of punishment inflicted.

2. The rejected testimony offered by defendant as the basis of error (2) consisted in the alleged refusal of the court to permit him to explain while on the witness stand the facts and circumstances under which he obtained possession of the automobile after its theft, and to which possession prosecuting witnesses had testified. However, notwithstanding the court sustained objection to questions intended to elicit that information when first asked, he, later in his testimony and before leaving the stand, was permitted to and did give the substantial facts with reference to that matter, and for which reason we would not be inclined to disturb the verdict and judgment for this error, since it, as first committed by the court, was later cured in the manner stated. The error, however, could not be so summarily disposed of without such curative facts, since the testimony so offered went to the very heart of appellant's defense, and, if its rejection had been permitted to stand without what later followed, the error would undoubtedly have been a reversible one.

3. Error (3) is one so glaring as to mandatorily require a reversal of the judgment, although the evidence in the case is most persuasive of the defendant's guilt. The indictment charges him alone as principal in the commission of the crime. The leading instruction No. 1 given to the jury authorized a conviction of defendant if he committed the offense charged in the manner alleged in the indictment, so as to make his acts criminal in doing so; but it also added these words, "or that he aided, abetted or assisted any other person

or persons therein." Waiving the question as to whether or not there was sufficient evidence to show that defendant, as the only charged perpetrator, had a confederate in the commission of the crime, we have consistently held throughout the history of this court that it was prejudicial error to submit to the jury defendant's guilt as an aider and abetter in the commission of a felony when he was the only one charged in the indictment with committing it. The latest case in which that invariable rule of practice was followed is that of Pelfrey v. Commonwealth, 255 Ky. 442, 74 S. W. (2d) 913. Others from this court to the same effect are cited in that opinion beginning with that of Mulligan v. Commonwealth, 84 Ky. 229, 1 S. W. 417, 8 Ky. Law Rep. 211, and ending with McIntosh v. Commonwealth, 234 Ky. 192, 27 S. W. (2d) 971. As stated, there are no opinions of this court to the contrary, and it is to be regretted that this conviction must be reversed and a new trial had at considerable expense to the commonwealth for an error that is so glaring that the Attorney General of the commonwealth, who briefed this case for it, felt impelled to close his brief by saying: "Under the decisions of this court, we are forced to concede that the trial court committed error in so instructing the jury."

Wherefore the judgment is reversed, with directions to sustain the motion for a new trial and set it aside, and for proceedings consistent with this opinion.