## MORGAN v. UNITED STATES.
### No. 3383.

Circuit Court of Appeals, Tenth Circuit.
Jan. 14, 1947.

John P. Fullerton, of Lawton, Okl. (Charles G. Ozmun, of Lawton, on the brief), for appellant.

Charles E. Dierker, U. S. Atty., of Oklahoma City, Okl. (Robert E. Shelton, Asst. U. S. Atty., of Oklahoma City, Okl., on the brief), for appellee.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

The appellant, Walter Ray Morgan, was charged by information in the United States District Court for the Western District of Oklahoma with violation of Section 223, Title 27 U.S.C.A. In Count 1 of the amended information he was charged with the illegal transportation in interstate commerce of intoxicating liquors from the State of Texas into the State of Oklahoma. Count 2 charged him with aiding and assisting in the illegal interstate transportation of the liquor in question into Oklahoma. He was found not guilty on Count 1 and guilty on Count 2. He has appealed from the judgment of the court.

Two errors are urged for reversal. They are: (1) That the court erred in refusing to sustain appellant's motion to supress evidence; (2) That the court erred in failing to sustain appellant's motion for a directed verdict as to both counts of the information.

Morgan was stopped by two agents of the Alcohol Tax Unit a short distance out of Lawton, Oklahoma, about 9 o'clock p. m. on December 12, 1945, as he was driving toward the city. The officers stopped him and searched his car and found approximately twenty cases of liquor in the car. The search was made without a search warrant. In order to sustain its legality, the officers must have been in possession of such facts and inferences to be drawn therefrom as would lead a reasonably prudent and intelligent person to conclude that there was good ground to believe that the law was being violated.[1]

The facts from which probable cause justifying such a search must be found are substantially these: A. T. (Jack) Cobb operated a place where whiskey was sold at 1103 Washington Avenue, Lawton, Oklahoma. R. B. Mogridge and William M. Pauly, two Alcohol Tax Unit men, upon whose testimony the conviction rests, testified substantially as follows: On October 1, 1945, they went to Cobb's place, introduced themselves, and told Cobb that they wanted to check if he had a retail liquor dealer's stamp; that they saw appellant Morgan make a sale of whiskey while they were there; that there was a 1941 Plymouth Coupe with a Texas tag F.D. 6733 at the place; that on October 12 they were in the place again making observations; that appellant Morgan came out the front door and in a conversation with them stated that business was not very good and that he was taking out, and that he thought Jack was taking out; that at that time they noticed the Plymouth car with a different Texas license tag, C/N 1508, on it. Mogridge testified that on December 12, 1945, he received an anonymous telephone call that the Plymouth coupe was going or had gone to Texas after a load of whiskey;

that he recognized the voice, having heard it before over the phone and having received from it at other times information in regard to liquor law violations, which had proved reliable. He testified that he considered the information reliable and acted on it.

After receiving this tip, the two officers kept the place under observation until about 8:30 p. m., when they drove to a wye on the highway about six miles south of town where the car in question shortly passed them, going toward Lawton. They drove up alongside the car and recognized Morgan as the driver. They stopped him and Pauly got out of the car and Mogridge drove the officers' car in front of the Morgan car. Pauly testified that after he got out, but while Morgan was still sitting in the car, he asked him, "Morgan, how much you got?" to which Morgan replied, "A little." That after Mogridge came up, but before they searched the car, Morgan admitted that he had twenty cases; that then Morgan asked if there was not some way that he could fix it up. They then informed him that they would have to take him in. They asked him to open the back of the car and he said the keys were in the car. The officers then took the keys, searched the car, and found the whiskey.

Probable cause to validate the search without a warrant must be deduced from these facts. Again, there lurks in the background the question whether probable cause may be predicated upon information from an undisclosed source. But the decision does not turn upon this question alone, because while Morgan was still in the car he admitted to Pauly that he had whiskey in the car. This was before he was placed under arrest. This admission alone would warrant the officers in searching the car. Up to that point he had been merely stopped by the officers and was being interrogated, and in response to questions, made voluntary admissions that he had whiskey in the car. He was not being threatened with force or violence or intimidated or coerced in any way at the time. Under these circumstances his

[1] Pearson v. United States, 10 Cir., 150 F.2d 219; Stacey v. Emery, 97 U.S. 642, 24 L.Ed. 1035; Director General v. Kastenbaum, 263 U.S. 25, 44 S.Ct. 52, 68 L.Ed. 146; Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790; United States v. One 1941 Oldsmobile, 10 Cir., 158 F.2d 818.

admissions constituted probable cause warranting the search without a warrant.

Since the jury acquitted appellant of the charge under Count 1, it is not necessary to consider whether the court erred in refusing to sustain the motion for a directed verdict as to Count 1. Whether it was error to overrule a like motion as to Count 2 presents a more serious question. Count 2 charged appellant with aiding and assisting in the unlawful transportation of liquor in interstate commerce from Texas to Oklahoma.

The only other facts bearing on this question are substantially these: Mogridge testified that: "I said, 'Well, Walter, where did you get it?' He said, 'Down the way.' * * * I asked him again, 'Where did you get it?' and he said, 'Down the way.' I said, 'When did you leave?' And he said, 'Ten o'clock.' I said, 'From Fort Worth, Texas?' He didn't answer me, and I then took the keys out of the car. * * * I took the keys and opened the back of the car and saw some whiskey. Some of the whiskey bore the marks of The Glazier Wholesale Drug Company of Fort Worth, Texas. And I stated to Mr. Pauly in the prisoner's presence, 'I see the whiskey came from Fort Worth, Texas.' The defendant stated it came from Fort Worth. * * * I said, 'Where did you get this whiskey?' I said, 'Walter, I saw the Fort Worth address on it.' He said, 'Yes, it came from Fort Worth. This is my last load.'"

One cannot aid and abet in the commission of a crime unless there is another who has committed the offense. In other words, one cannot be an aider and abettor of himself in the commission of an offense. [2] Obviously, therefore, one cannot be found guilty under a charge of aiding and abetting in the commission of an offense unless there is satisfactory evidence not only of his participation but also that another for whom he was acting was connected with the offense. It has been held that where one is charged with aiding and abetting it is necessary that the indictment name the person or state that his name is unknown. [3] All that Count 2 charged was that appellant did assist in transporting liquor from Texas to Oklahoma. No attempt was made therein to state for whom he was acting or that the name of such person was unknown. While the failure to challenge the legal sufficiency of the second count may have waived this defect in the indictment, it did not relieve the government from the necessity of proving for whom appellant was hauling this liquor or at least that he was hauling it for some one else. No attempt was made to directly show for whom he was transporting this liquor.

The record and brief of the government are silent as to who the government contends was the principal whom Morgan was aiding and assisting in the transportation of the liquor. It may be argued that the circumstantial facts in the case show that he was hauling it for Cobb. The evidence does establish that Cobb was operating a place where liquor was sold and that the Plymouth car in question was seen about the place at various times and that Cobb drove it. But Morgan and his wife lived in a cabin at the place. Other parties also lived there. Morgan drove the car, as also did a woman, who no doubt was Morgan's wife. No attempt was made to establish the ownership of the car, and we do not know whether it belonged to Cobb or to Morgan. The mere fact that Morgan was apprehended with some whiskey in a Plymouth car, the ownership of which is unknown, coming toward Lawton, is insufficient to prove that he was taking it to Cobb's place or that he was hauling it for Cobb rather than for himself.

To sustain a verdict of guilty based on circumstantial evidence, the circumstances must not only be consistent with guilt but they must be inconsistent with

[2] State v. Haines, 51 La.Ann. 731, 25 So. 372, 44 L.R.A. 837; Tillman v. Commonwealth, 259 Ky. 73, 82 S.W.2d 222; 14 Am.Jur., Criminal Law, Sec. 76; Mulligan v. Commonwealth, 84 Ky. 229, 1 S. W. 417.

[3] Mulligan v. Commonwealth, 84 Ky. 229, 1 S.W. 417; State v. St. Philip, 169 La. 468, 125 So. 451; Wimpling v. State, 171 Md. 362, 189 A. 248; State v. Stone, 109 W.Va. 721, 156 S.E. 80; 31 C.J., Indictments & Informations § 289; 42 C.J. S., Indictments & Informations, § 147; United States v. Simmons, 96 U.S. 360, 24 L.Ed. 819.

innocence.[4] Measured by this yardstick, the circumstantial evidence is wholly insufficient to establish that Morgan did aid or assist another in the interstate transportation of the liquor in question.

The motion for a directed verdict as to Count 2 should have been sustained, and the judgment is accordingly reversed.

---

[4] United States Fidelity & Guarantee Co. v. Des Moines Nat. Bk., 8 Cir., 145 F. 273; Mutual Life Ins. Co. of New York v. Zimmerman, 5 Cir., 75 F.2d 758; Pruitt v. Hardware Dealers Mut. Fire Ins. Co., 5 Cir., 112 F.2d 140; New York Life Ins. Co. v. Prejean, 5 Cir., 149 F. 2d 114; 20 Am.Jur., Evidence, Sec. 1189.