## Fulks v. Commonwealth.

(Decided September 23, 1924.)

## Appeal from Powell Circuit Court.

1. Intoxicating Liquors—Evidence Held to Support Conviction for Possession of Apparatus Designed for Manufacture.—Evidence held to warrant conviction for having in possession apparatus designed for unlawful manufacture of spirituous liquors.

2. Criminal Law—Court of Either County Has Jurisdiction, where Place of Crime is in Doubt.—Where it is a matter of doubt in

opinion of court in which of two or more counties an offense is committed, court of either in which indictment is found has jurisdiction of offense, under Ky. Stats., 1922, section 1146.

3. Criminal Law—Presumption that Trial Court Knew its Jurisdiction and that Trial was had in Proper County.—Presumption is that trial court knew its jurisdiction and that trial was had in proper county.

C. F. SPENCER for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY SANDIDGE, COMMISSIONER—Affirming.

The appellant, Harrison Fulks, was convicted in the Powell circuit court for having in his possession apparatus designed for the unlawful manufacture of spirituous liquors. He appeals from the judgment of that court imposing a fine of $250.00 and three months' imprisonment in jail as punishment.

It is insisted for him that the trial court should have sustained his motion for a peremptory instruction upon the ground that the evidence was not sufficient to sustain the verdict, and the further ground that the evidence did not show that the offense was committed in Powell county. It appears from the record that the sheriff of Powell county, together with three or four deputy sheriffs, discovered a moonshine still set up ready for operation on White's branch. They secreted themselves in the forest near the still, and after a time appellant came to the place where the still was located, carrying on his shoulder a sack containing twenty pounds of sugar and about one-half bushel of shipstuff. He set the sack down a short distance from the still and then went up to it and proceeded to uncover one of the barrels containing mash. At this point the officers closed in and put him under arrest. Some two or three of the witnesses testified that the still was located in Powell county. There were barrels containing mash and boxes and a boiler and all other accessories of a distilling plant except the cap and worm.

The defendant testified for himself that some time previous to this, in passing through the woods, he had discovered a man by the name of Montgomery operating this still, and that afterwards at his home Montgomery offered to sell him some of the whiskey and arranged with

him to come to the still site and bring some sugar to exchange for the whiskey. He testified that he did not own or have any interest in the outfit and that he went to the still on the occasion in question merely to purchase some whiskey. He testified for himself positively that this still was located in Wolfe county, and some two or three other witnesses testified that as they understood the location of the county lines the still was in Wolfe county.

Where it is a matter of doubt in the opinion of the court in which of two or more counties an offense is committed, the court of either in which the indictment is found has jurisdiction of the offense. Carroll's Kentucky Statutes, 1922, section 1146. The presumption is that the trial court knew its jurisdiction and that the trial was had in the proper county. Hayes v. Commonwealth, 12 Rep. 611.

Under the state of facts produced in evidence and disclosed by the record, we are of the opinion that the evidence was amply sufficient to submit to the jury the question as to whether or not appellant was in possession of the apparatus commonly used for the manufacture of spirituous liquors, and we cannot say that the verdict of the jury is flagrantly against the weight of the evidence. Perceiving no error to the prejudice of appellant's substantial rights, the judgment of the lower court is affirmed.