## Blair v. Commonwealth.

(Decided March 3, 1925.)

### Appeal from Edmonson Circuit Court.

Criminal Law—Venue Improperly Laid, where no Evidence to Show that Place of Sale was in County.—Venue of liquor prosecution was improperly laid in county where indictment was returned and trial had, despite Ky. Stats., section 1146, where all the evidence showed that place of sale was in another county.

MILTON CLARK for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Sampson—Reversing.

Appellant Blair insists that the evidence for the Commonwealth on venue was not sufficient to justify the trial court in submitting the case to the jury pursuant to section 1146, Kentucky Statutes, providing:

> "When it is a matter of doubt, in the opinion of the court, in which of two or more counties the offense was committed, the court of either in which the indictment is found shall have jurisdiction of the offense."

The indictment accused appellant of selling whiskey at his residence in Edmonson county, and the evidence shows that the sale was actually made in the kitchen of his residence. When the witness for the Commonwealth was asked if he knew whether the place where the sale was made was in Edmonson county, he answered that he did not think it was; that he had helped survey the county line and that the place of sale was in Grayson county. The Commonwealth next called Duvall, ex-sheriff of Edmonson county, who said that he was acquainted with the neighborhood in which appellant lived, and that according to his information appellant's house was in Grayson county.

For the defendant it was shown that appellant's residence, where the sale was made, is in Grayson county, about three-quarters of a mile from the county line. There is, therefore, no evidence whatever tending to show that the place of sale was in Edmonson county, where the indictment was returned and the trial had. If there had been evidence proving there was some doubt or confusion about where the county line is located, or some one or more witnesses had testified the house was very close to the line and so near that it was impossible to say upon which side of the line it was, then the case should have been submitted to the jury under the statute above quoted. Sebree, Jr. v. Com., 200 Ky. 534; Fulks v. Com., 204 Ky. 449. But where the evidence shows beyond doubt that the place of sale is in a county different from that in which the indictment was returned and the trial had, there is no question of fact on its location to be submitted to the jury.

The trial court should, therefore, have sustained appellant's motion for a directed verdict in his favor.

Judgment reversed for proceedings consistent herewith.