## Arvin et al. v. Commonwealth.

(Decided June 19, 1931.)

768

S. H. RICE, J. M. WOLFINBARGER and T. D. SHUMATE for appellants.

J. W. CAMMACK, Attorney General, and JAMES M. GILBERT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

On their trial under an indictment charging them with the crime of murder, Durb Townsend, Alpha Barrett, and Elizabeth Arvin were convicted, and their punishment fixed at life imprisonment. Elizabeth Arvin and Alpha Barrett appeal.

Briefly stated, the facts are these: The woman killed was Vina Townsend, the wife of Durb Townsend. They resided on the outskirts of Irvine, and Elizabeth Arvin and Alpha Barrett lived with them. Elizabeth Arvin is the sister of Durb Townsend, and Alpha Barrett is the estranged wife of Jim Bill Barrett of Lee county. About Christmas, 1930, Vina Townsend disappeared from her home. On February 17, 1931, her body was found in the Kentucky river four or five miles below Irvine. There was a scalp wound on the side of her head, and the doctors who performed the autopsy, after making a test that revealed no water in the lungs, and showing that the lungs would float, gave it as their opinion that the deceased was dead before her body was placed in the water. There was evidence that before the homicide Durb Townsend told three or four witnesses that he was going to kill his wife and throw her in the river. Mrs. Steve Keith, who lived near Durb Townsend, testified that some time during the winter, and before Vina Townsend disappeared, and between 1 and 2 o'clock at night, she heard the voice of a woman, which she recognized as the voice of the deceased, calling, "Oh, Lordy, don't kill me." She also testified that another woman screamed out and said, "Oh, Lordy, don't do that," and, in response to the screams, she heard Durb Townsend say that if she did not hush up he would give her the same. Immediately after hearing the voices and some licks she saw two women and one man go out of the back door of the house toward the river. Mrs. James Howard testified that she was acquainted with the voice

of Vina Townsend, and about 1 o'clock at night she heard Durb Townsend beating Vina and heard her scream; that the last time she screamed she could just hear her. The next morning about 9 o'clock she saw Durb Townsend and Alpha Barrett coming up the railroad from the direction of the river. Elizabeth Arvin's child, Cecil Stamper, whose evidence will hereafter be considered, testified that Vina was dead, and that Durb and Alpha killed her. There was further evidence that appellants identified the body of Vina Townsend; that Elizabeth Arvin told Mary Griffin that Vina was sick and up in Lee county with her kinfolks; that before Vina's body was found Elizabeth Arvin traded some gingham dresses that Vina had worn to Mary Griffin for some scarfs; that she told a witness that Durb did not kill Vina, and people had better quit talking about them or that Durb would kill them, and that Vina had gone to her sister's; and that she told two other witnesses that Vina was at the house where they lived on February 2d.

Appellants first challenge the sufficiency of the indictment. After charging the three defendants as principals with the commission of the crime, the indictment adds the following words:

"And the said Durb Townsend, Alpha Barrett and Elizabeth Arvin at said time, were conveniently near, and near enough to do so, and did then and there aid, abet, counsel and assist each other to so strike, beat and wound the said Vina Townsend and to kill and murder her at the time they did so, and they and each of them did do so, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the Commonwealth of Kentucky."

The ground of attack is that the indictment did not charge any one of the defendants as principal, or allege that the principal was unknown and then charge the other as aiders and abettors. We find no merit in this contention. In view of the well-established rule that, where two or more persons are indicted as principals, it may be shown that one of them actually committed the crime, and that the others were present aiding and abetting him, it is clear that the first part of the indictment charging the defendants as principals was sufficient, and that the addition of the quoted words did not affect its validity. Watkins v. Commonwealth, 227 Ky. 100, 12

S. W. (2d) 329; Mulligan v. Commonwealth, 84 Ky. 229, 1 S. W. 417, 8 Ky. Law Rep. 211.

One of the principal grounds relied on for reversal is that the witness Cecil Stamper was too young to testify, and that much of his testimony related to matters of which he had no knowledge. The witness first testified that Vina Townsend was dead; that Durb and Alpha killed her in the house; that Durb killed her with a knife and club; that Vina said, "Oh Lordy, let me wait until in the morning"; and that his mother, Lizzie, had gone off in the night. On cross-examination he testified that Durb and Alpha waked him up, but that when they did so he went back to sleep; that he woke up at 8 o'clock, and that Vina got killed at 6 o'clock; that he did not know that Durb and Alpha killed Vina; and that no one told him that he killed her. On redirect examination he testified that Durb and Alpha put Vina on the side of the railroad; that he did not go with them, but was in the bed asleep. We are of the opinion that the witness, though quite young, displayed sufficient intelligence and appreciation of the consequences of an oath to make him a competent witness, and the court did not err in so holding. However, some of the statements which he made should have been excluded from the jury. This is not a case where the witness testified one way and then contradicted his former statements, in which event his credibility is still a question for the jury. It is a case where the witness testified to certain facts, and then admitted that he had no personal knowledge of those facts. For instance he stated that Durb and Alpha killed Vina, but admitted that he was in bed asleep and knew nothing of the occurrence. He also stated that they placed her body on the side of the railroad track, but admitted that he did not accompany them. One cannot read the child's evidence without being persuaded that, in many instances, he was telling what he thought about the case, or what he had been told by others. In short, much of his evidence consisted of conclusions or pure hearsay, which should not have gone to the jury. On another trial, if he qualifies by showing sufficient knowledge of the subject, the witness may tell who was present in the house, or who was absent at the time, to which his evidence is directed. He may also testify to anything that he saw or heard, but the court will be careful to see that mere conclusions, or what he was told by others, are excluded from the jury.

Complaint is made of the admission of a letter written by Durb Townsend to Alpha Barrett, which was intercepted by the jailer. As the letter did not affect Elizabeth Arvin, and was not received by Alpha Barrett, it was not admissible against them, and the court properly admonished the jury to that effect. However, as the commonwealth had the right to show that Durb Townsend was the principal, and appellants were aiders and abettors, the letter was clearly admissible against him. On another trial the court will make it clear that the letter is admitted solely for the purpose of showing that Durb Townsend committed the crime, and cannot be considered for the purpose of showing the guilt of either appellant.

On another trial the court will not permit Mrs. Keith to testify that the voice of the woman she heard scream sounded like Vina's unless she qualifies by showing that she had heard Vina talk and was familiar with the sound of her voice.

As the evidence may be different on another trial, we deem it unnecessary to determine whether it was sufficient to take the case to the jury or to sustain the verdict.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.