## Reed et al. v. Commonwealth.

(Decided Nov. 4, 1937.)

THOMAS D. SHUMATE for appellants.

HUBERT MEREDITH, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for the Commonwealth.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Alva Reed and Cecil Chaney were indicted in the Powell circuit court for the crime of assault with intent to rob. Alva Reed was charged with the commission of the crime, and Cecil Chaney was charged with being present aiding and abetting Reed in its commission. They were tried together and both were convicted, and the punishment of Reed was fixed at confinement in the penitentiary for a term of twenty-one years, and Cecil Chaney's punishment was fixed at confinement in the penitentiary for a term of ten years.

The Attorney General frankly concedes that the judgment as to Cecil Chaney should be reversed, since there is no evidence tending to connect him with the commission of the crime. W. H. Truitt, the prosecuting witness, testified that on March 10, 1937, he purchased a shotgun from Alva Reed for $1 and that he gave Reed a check for that amount. On the following morning he met Alva Reed at the home of the latter's brother, Allen

Reed. Alva Reed drew a shotgun on him and forced him to sign a paper which he believed was a check. On the next day Alva Reed, accompanied by Cecil Chaney, appeared at the Powell County Bank in Stanton, Ky., and presented to Thomas Gabbard, the cashier, a check for the sum of $600 signed by W. H. Truitt and payable to Millard Chaney. Gabbard refused to pay the check, but filled out another check on the Powell County Bank on the typewriter, gave it to Reed, and told him to obtain Truitt's signature. On the next day Reed and Chaney returned to the bank with the check with Truitt's name thereon, and presented it for payment. There is no evidence that Truitt actually signed the second check. In the meantime, Truitt had notified Gabbard not to cash the checks, and he had Reed and Chaney arrested. Truitt testified that Chaney was not present when Reed drew the gun on him and forced him to sign the check, and there is no evidence that he had any knowledge of the crime until after it was committed.

The court gave an instruction on aiding and abetting, and also instructed the jury that, if they believed beyond a reasonable doubt that Cecil Chaney unlawfully and feloniously gave aid to Alva Reed after he committed the assault with intent to rob, they should find the defendant Chaney guilty as an accessory after the fact, and fix his punishment at confinement in the state penitentiary for a period of not less than two, nor more than ten, years. As heretofore stated, there was no evidence that Cecil Chaney aided or abetted Alva Reed in the commission of the crime, and the instruction on aiding and abetting should not have been given. The indictment did not charge Chaney with being an accessory after the fact, and it was therefore error to give an instruction on that offense. An accessory after the fact is one "who knowing a felony to have been committed harbors the felon or renders him any other assistance to elude punishment." He is not an accomplice or principal. Levering v. Com., 132 Ky. 666, 117 S. W. 253, 136 Am. St. Rep. 192, 19 Ann. Cas. 140. Section 1129 of the Kentucky Statutes provides that accessories after the fact not otherwise punished shall be guilty of high misdemeanors and fined and imprisoned at the discretion of the jury. Chaney's motion for a directed verdict in his favor should have been sustained.

The court instructed the jury to find the appellant Alva Reed guilty of the offense of assault with intent

to rob if they believed the offense was committed in Powell county, or on or near the line between Powell and Estill counties. W. H. Truitt testified that he had always understood that the home of Allen Reed, the place where the crime was committed, was in Powell county. Another witness for the Commonwealth testified to the same effect. A number of witnesses introduced by defendant testified that a cliff 35 or 40 yards north of the place where the crime was committed was the boundary line between Powell and Estill counties, and that the crime was committed in Estill county. It was shown that the General Assembly of Kentucky fixed the boundary line of Estill county in 1890 as follows:

> "Beginning at the mouth of Red river; thence up the same with its meanders to the mouth of Plum creek; thence up the same with its meanders to its extreme head; thence a straight line to the first falls in the Ballard branch, above John Carmichael's house, where the water falls over the cliff; thence with said cliff and east course to the Powell county line. The territory on the north side of the above described line, from the mouth of Plum creek to the Powell county line, shall be included in the county of Powell." Acts of 1889-90, vol. 3, c. 1355, p. 367.

It was shown that the cliff referred to in the act was the cliff just north of Allen Reed's place. Section 18 of the Criminal Code of Practice provides "the local jurisdiction of circuit courts and justices' courts shall be of offenses committed within the respective counties in which they are held." Section 1146 of the Kentucky Statutes reads:

> "When it is a matter of doubt, in the opinion of the court, in which of two or more counties the offense was committed, the court of either in which the indictment is found shall have jurisdiction of the offense."

In the absence of a change of venue, a circuit court is without jurisdiction to try a defendant charged with an offense committed in another county. Com. v. Ward, 185 Ky. 295, 215 S. W. 31.

The facts in this case do not bring it within the provisions of section 1146 of the Statutes. It was conclusively shown that the offense was committed in Estill county, and the Powell circuit court, therefore, was

without jurisdiction. Blair v. Com., 207 Ky. 631, 269 S. W. 741. It follows that the indictment should have been dismissed.

The judgment as to both Alva Reed and Cecil Chaney is reversed for proceedings consistent herewith.