## McKinney v. Commonwealth.

Oct. 4, 1940.

Flem D. Sampson, Judge.

Zeb A. Stewart and Sampson B. Knuckles for appellant.

Hubert Meredith, Attorney General, and H. Appleton Federa, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant, Clarence McKinney, and Roy Prince were indicted by the Knox county grand jury in which they were jointly accused with maliciously shooting and wounding Cecil Hale with the intent to kill him, but

from which he did not die—an offense created and punished by Section 1166 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes. At appellant's separate trial thereunder he was convicted and punished by confinement in the penitentiary for a period of five years. (We observe, however, that the judgment pronounced thereon and from which this appeal is taken sentences him for a period of ten years, which evidently was and is a clerical mistake on the part of the court or clerk, and upon a return of the case the judgment will be corrected in the respect indicated so as to conform to the verdict). A number of grounds are contained in the motion for a new trial but only three are urged in brief of counsel for appellant. The court overruled the motion, followed by this appeal. The three grounds argued in brief are (1) that the appellant could not be convicted as an aider and abettor when the indictment accused him and Prince, his co-defendant, of the joint commission of the offense as co-principals, and nowhere accused either as an aider and abettor of the other; (2) that the testimony is insufficient to sustain the conviction; and (3) error in the instructions given, and failure to instruct. They will be considered in the order named.

1. In the various sections of chapter VIII of the second edition of Roberson's New Kentucky Criminal Law and Procedure it is clearly pointed out—in conformity with our opinions rendered prior to the writing of that text—that one jointly indicted with another or others (all being charged as co-principals) may be convicted as an aider and abettor of the other one or ones, and punished as a principal, although the evidence shows him to be only an aider and abettor before the fact in the commission of the offense that some one or more of his co-defendants—charged as principals—actually committed. That statement of the law has never been departed from, but has been adhered to and followed by this court as well as those in other jurisdictions from time immemorial. Among the many cases, rendered since the writing of that text approving it is that of Arvin v. Commonwealth, 239 Ky. 767, 40 S. W. (2d) 332, 333. In that opinion we said: "In view of the well-established rule that, where two or more persons are indicted as principals, it may be shown that one of them actually committed the crime, and that the others were present aiding and abetting him, it is clear that

the first part of the indictment charging the defendants as principals was sufficient, and that the addition of the quoted words did not affect its validity. Watkins v. Commonwealth, 227 Ky. 100, 12 S. W. (2d) 329; Mulligan v. Commonwealth, 84 Ky. 229, 1 S. W. 417, 8 Ky. Law Rep. 211.'' See, also, Clift v. Com., 268 Ky. 573, 105 S. W. (2d) 557.

The latest case in which we held that one indicted as a principal may be convicted as an aider and abettor, provided the principal is named or indicted with him, is Gambrel v. Commonwealth, decided on September 27, 1940, reported in 283 Ky. 816, 143 S. W. (2d) 514. Besides such judicial substantiation of the rule, Section 1128 of Baldwin's Statutes, supra, expressly provides. that, ''In all felonies, accessories before the fact shall be liable to the same punishment as principals, and may be prosecuted jointly with principals, or severally though the principals be not taken or tried, unless otherwise provided in this chapter.'' Under that section are cited in the notes many cases in substantiation of the principle, supra. The cases cited by counsel for appellant are where the convicted defendant was charged in the indictment only as principal with no other principal named, and the proof showed that if guilty at all it was only as an aider and abettor of the unnamed principal. That doctrine of the criminal law is equally as well established as the one to which we have previously referred. Many domestic cases substantiating what we have said as to both propositions could be cited, but they are each so well settled that we deem it unnecessary to lengthen the opinion by doing so. It is, therefore, clear that this ground is without merit.

2. A disposition of ground (2) calls for a brief but substantial statement of the evidence. The shooting occurred at night after the participants and others present had attended a church in the neighborhood of a rural community within Knox county. Prince and his victim were rivals for the affections of a young lady in the neighborhood by the name of Frudie Warren. He had been paying court to Miss Warren for sometime prior thereto, but some few months before then Hale, the victim in this case, likewise became attracted to Miss Warren and began to go with her, which considerably irritated Prince and he made some threats against Hale if he continued to persist in keeping company with Miss

Warren. During the afternoon preceding the night of the shooting Prince visited the appellant at his father's home, where they agreed to attend church together that night. When the time came to start to church it was suggested by appellant that they go by way of a neighbor's house by the name of Miller, where appellant procured a pistol from Miller in order, as he says, to later test it, since he contemplated buying it from Miller. He carried the pistol in his pocket to the church and entered the church building so carrying it. He says he then concluded that someone might discover it in his pocket and he determined to deliver it to his friend Prince, who was not then in the building. Consequently he retired from the building and located Prince on the grounds and, according to proof furnished by the prosecution, carried him a short distance away behind an automobile, which seems to have been occupied by some person or persons, who heard (or at least one of them) appellant say to Prince, in substance, ''Now use it if you have the nerve to do it.'' Later there was a wordy war between Prince and Hale somewhere on the church grounds during the progress of the services in the church house, which grew out of the indicated disturbed relations between them as above pointed out, but in which nothing but accusation and counter-accusations occurred, but without harm to either.

In leaving the church grounds it was necessary for appellant and Prince and Hale to travel the same road for some distance from the church, at which point (called Warren's Branch in the record) there was a footpath—which could also probably be traveled by horseback—turning off from the main road in the direction of the home of the two defendants in the indictment, and which was usually traveled by pedestrians as they were traveling on that night. To continue down the road and around a ridge of the mountain would increase the distance to their homes as much as, or more than, two miles. There appears to have been some hesitation at Warren's Branch because others were preparing to separate from the crowd and take the path referred to. While the parties were together at that point every witness present who testified in the case (except defendants) stated that appellant gave something to his co-defendant, Prince, and repeated to him, in substance, the remarks made by him at the time he delivered his

pistol to him. About that time one Bailey overtook the crowd riding a mule. Hale was intimately acquainted with Bailey and he requested the privilege of riding the mule with Bailey from that point to his home, by which Bailey would pass some mile or two from there. The travelers were scattered up and down the road, but according to the proof all of them were moving at a slow gait, including Bailey's mule with its burden. However, the latter arrived at Hale's residence before defendants did and he had gotten off the mule and was leaning against an automobile parked by the side of the road in front of his home. A number of witnesses testified that when appellant and Prince arrived they stepped to one side away from the crowd and held a more or less whispered conversation, following which Prince went over to where Hale was standing against the automobile and fired two shots at him, only one of which took effect.

Prince and appellant in their testimony endeavor to make out a case of self-defense for Prince by testifying to alleged demonstrations and words on the part of Hale which they claim created that right. Of course, there appears some contradictory testimony tending to contradict in some minor particulars what we have outlined, but the great preponderance of the evidence sustains the prosecution and completely authorizes a finding by the jury that the facts were and are as we have so briefly stated them. The question then is—whether or not they are sufficient to convict appellant as an aider and abettor?

Domestic cases defining what is necessary to constitute one an aider and abettor are so numerous that a listing of them would almost fill an average sized book; hence we will refer to only a few of them. In the case of Bradley v. Commonwealth, 201 Ky. 413, 257 S. W. 11, 13, upon that point, we said: "In order to constitute one an aider or abettor in the commission of a crime he must be actually or constructively present at the time of its commission, and participate in some way in the act committed. It is not essential that there should be a prearrangement or mutual understanding or concert of action; but, in the absence of these, it is essential that the one so charged should in some way, either by overt act or by expression of advocacy or sympathy, encourage the principal in his unlawful acts."

To the same effect is the case of Smiddy v. Commonwealth, 210 Ky. 359, 275 S. W. 872, and Maggard v. Commonwealth, 257 Ky. 414, 78 S. W. (2d) 315. They could be supplemented by an almost unlimited list of others of similar import. Here appellant was not merely constructively present at the time of the shooting but, according to practically all of the testimony, he was actually present and secretly communicated with the principal immediately preceding the shooting. He is shown, by the same character of proof, to have previously advised on the same night—and shortly before the commission of the crime—his principal to exercise his nerve in some prospective undertaking, and at the same time delivered to the principal his (appellant's) pistol, upon the hazy excuse therefor that he rendered in his testimony. We, therefore, have not only the necessary presence of appellant, but testimony tending to prove that he not only consented for his principal to commit the crime, but went further and advised and procured him to do so by furnishing the weapon with which it was done. Of course, it would be but natural for him to deny that he at any time had in mind or contemplated the shooting of Hale by Prince. Nevertheless he did testify at his trial touching the occasion of his delivering his pistol to Hale in this wise:

"Did you call Roy (Prince) out or he call you out? A. I called Roy out.

"Q. Why? A. Just called him out and I knew that Mr. Warren did not want him to go with his daughter, and gave him the gun."

The inference is that his purpose was to arm Prince for any difficulty that might arise either between him and the girl's father, who objected to him as a suitor of his daughter's hand, or perhaps, any contemplated difficulty with Hale as a prospective ousting suitor. We conclude there can be no doubt but that appellant was clearly shown to have been an aider and abettor of Prince in the commission of the crime.

3. The complaint directed in support of argued ground (3), relating to the instructions given by the court, are (a) that the court should have instructed the jury under Section 1308 of our Statutes, supra, since in some cited cases where the facts justified it we have held

that it was a degree of the offense herein described. However, that offense does not involve any actual shooting or wounding, but only the unlawful handling and use of a deadly weapon in a threatening manner, and (b) that the court should have defined what was an aider and abettor. There were no facts proven or testified to by any witness authorizing any instruction under the section of the statutes relied on and we have uniformly held in an unbroken line of cases that instructions are based upon testimony in the absence of which none should be given on the unproven phase of the case contended for, and, therefore, appellant's contention as based upon the ground contained in subdivision (a) was properly overruled, since it is entirely unsupported by any testimony. The ground embodied in subdivision (b) is equally without merit, since the court did define what was necessary to make one an aider and abettor by telling the jury (after reciting what was necessary for the guilt of the principal, Prince) that if they believed beyond a reasonable doubt that appellant was then and there present and near enough to and did unlawfully, wilfully, feloniously and maliciously aid, assist, encourage, counsel or advise Prince to shoot and wound Hale, then the defendant should be found guilty. It will be perceived that the court embodied in its submission the elements necessary to constitute one an aider and abettor, and which clearly set forth the facts necessary therefor, which completely eliminates the criticism embodied in subdivision (b) of this ground.

Having disposed of the only grounds urged for a reversal of the judgment, and being convinced that each of them is without merit, the judgment is affirmed.