## Adkins v. Commonwealth.

Nov. 13, 1942.

C. F. See, Jr. for appellant.

Hubert Meredith, Attorney General, and Frank A. Logan Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The appellant was convicted and sentenced to five years in the penitentiary under an indictment, the "accusatory" and "descriptive" parts of which, are as follows:

"The Grand Jury of the County of Lawrence in the name and by the authority of the Commonwealth of Kentucky, accuse George Franklin Adkins of the crime of cutting and wounding with intent to kill committed in manner and form as follows:

"The said defendant in the said County of Lawrence, on the 6th day of October A. D. 19—, and before the finding of this indictment, did unlawfully wilfully and maliciously cut, strike, stab and wound one Eugene Artrip, with a knife, a deadly weapon, with the intention to kill the said Eugene Artrip, but from such cutting, striking, stabbing and wounding the said Eugene Artrip did not die."

It is contended that the "accusatory" part was fatally defective and that the demurrer to the indictment should have been sustained because of the omission of the adverbs "willfully" and "maliciously" preceding the word "cutting," and the omission of the word "another" following the word "kill." The argument is predicated upon the rule, once prevalent in this State, that a failure to correctly name the offense in the "accusatory" part of an indictment is not cured by a statement in the descriptive part showing the accused's commission of the acts constituting the offense; but, as said in the case of Overstreet v. Commonwealth, 147 Ky. 471, 144 S. W. 751, 753:

"In considering the sufficiency of an indictment, it will be read and considered as a whole; and if, when so read and considered [as a whole], it substantially conforms to the requirements of the Code in respect to the matters therein pointed out as material and necessary, it will be a good indictment."

See Maggard et al. v. Commonwealth, 287 Ky. 787, 155 S. W. (2d) 228, in which the rule announced in the Overstreet case is approved, and the authorities bearing on the subject, discussed. Under the enlightened doctrine now prevailing, it is obvious that appellant's contention with respect to the indictment on which he was tried is without merit.

It is next argued that the court erred in not granting appellant a continuance because of the absence of two witnesses. But one of them could only have testified to a minor transaction between appellant and a witness and the latter's daughter, in which the prosecuting witness was not a participant; and the other, though an eyewitness to the cutting, could have given only cumulative testimony. Moreover, the court permitted appellant to read to the jury his affidavit setting forth what the absent witnesses would have stated, if present; and we find nothing to warrant the conclusion that the court abused its discretion in refusing to depart from the authorized practice governing such situations.

The third ground urged for a reversal is even more trivial. In sustaining an objection to an incompetent question asked a Commonwealth's witness on cross-examination, the court said, according to the bill of exceptions, "It is incompetent, irrelevant, and not pertinent, and you can make any avowal you want to." According to the official stenographer's transcript and the appellant's motion for a new trial, the court in concluding his ruling actually said: "You can make an avowal if you want to." But accepting the bill of exception's version, as we must, we find nothing in the court's remark which indicated hostility to the appellant or his counsel, or which could have been so construed by the jury. Hence, we are compelled to deny appellant's contention that he was prejudiced by the language employed.

Finally, it is asserted that appellant was entitled to a directed verdict of acquittal on the ground that the evidence showed that he acted in self-defense, and that in any event, the jury's verdict could have been arrived at only through passion or prejudice. While we, as tryers of the facts, might have accepted appellant's testimony that he was knocked down by Artrip and used his knife only to protect himself from a younger and larger man who had brutally assaulted him without justification, we

cannot say that the jury upon whom the law cast the duty of trying the facts, was not warranted in accepting Artrip's version of the encounter, which was that appellant, in response to a remonstrance over the language which he was using in a quarrel with a young woman assaulted and cut Artrip without warning or further provocation. Only the partisan could find in this record a satisfactory basis for holding that the evidence was insufficient to support the verdict. While zeal in a lawyer on behalf of a client is commendable, the limitations upon our power over the verdicts of properly instructed juries are too well known to justify a present discussion of them.

Judgment affirmed.