# Bailey v. Commonwealth.

## Oct. 15, 1943.

W. C. Hamilton for appellant.

Hubert Meredith, Attorney General, and Athur T. Iler, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY PERRY, COMMISSIONER—Reversing.

The appellant, Walter Bailey, Jr., was indicted, tried and convicted on the charge of unlawfully and feloniously altering and changing the motor serial number of a certain 1940 Packard sedan named and described in the indictment.

From the verdict and judgment finding him guilty and sentencing him to one year's confinement at hard labor, Bailey appeals.

The indictment reads as follows: "The Grand Jury of Montgomery County, in the name and by the authority of the Commonwealth of Kentucky, accuse Walter Bailey, Jr., of the crime of defacing automobile motor serial number committed as follows, to-wit: That said Walter Bailey, Jr., on the 8th day of February, 1943, in the County and State aforesaid, next before the finding of this indictment, did unlawfully, wilfully, maliciously and feloniously cut off, erase, deface, remove and alter the motor serial number upon the motor of a 1940 Packard Sedan, thereby altering same from the number C—40988—F, which number was placed upon the same by the manufacturer of said automobile, and causing same to read as follows, to-wit: C—43852—F, against the peace and dignity of the Commonwealth of Kentucky."

It is to be noted that by this indictment the appellant was alone accused and charged with the commission of this statutory offense, denounced by Section 433.640, KRS, and that it did not also charge that he was an aider

or abettor in its commission; or that he was a principal and that some other person was aiding and abetting him; or that he aided or abetted another person in altering or changing the motor number on this certain car described in the indictment and denominated in the record as being the "Lindenburn, May, Sharpe car," whose serial and motor number he was thus alone accused of changing.

The facts and circumstances in connection with the appellant's charged commission of this statutory offense, briefly stated, are that the appellant, Bailey, was at the time indicted and had for several years prior thereto been employed as a mechanic at the Berkley Thomason garage in Mt. Sterling, Montgomery county, Kentucky, and that he further, in connection with such employment, had followed a "side line" business of selling used cars; that he contacted "prospects" and if successful in making a sale to them, the deal would be closed by his employer, Mr. Thomason. He states he had no interest in the garage business or these "side" sales whatever, and was paid nothing extra for his services rendered in this "side line" business, but was only paid his regular wages as a mechanic.

The record shows that about September, 1941, he bought a secondhand or used 1940 model Packard sedan (the car here involved) from two unnamed parties, who upon contacting him at the garage purported to be selling agents representing the Cincinnati Auto Exchange Co. This car, it later developed, had been bought by a Mr. Lindenburn of Newport, Ky., in April, 1940, from a Packard dealer there, who gave him a bill of sale reciting that the manufacturer's motor number appearing on the car was C—40988—F. This car was stolen from him in November of that year.

The appellant is charged with having changed the original motor number of this stolen Lindenburn car, C—40988—F, to C—43852—F, which was the motor number (as shown by the bill of sale) of another used car of like type and make, which he had earlier bought from Mr. M. P. Skidmore of Evansville, Ind.

The evidence as to the appellant's purchase of the first named or Lindenburn car is to the effect, as stated, that he, at the time of buying this car or trading for it with the two unnamed salesmen, showed them the other car, of like type and make, which he had purchased from

Mr. Skidmore and turned over to his sister, who had wrecked it, following which he stored it, as a wrecked car, at the garage. Upon his showing the visiting salesmen this car, they told him he could change the motor number of the Lindenburn car they were trying to sell him to the number that was on the wrecked Skidmore car, namely, C—43852—F, and thereby avoid paying a state sales tax on the Lindenburn car. Also upon appellant's showing them his wrecked Skidmore car, it appears that they copied its motor number and told him they could take back the Lindenburn car they were proposing to sell him to the Packard Co. and have its motor number (C-40988-F) changed, as they were authorized to do, to the motor number (C-43852-F) of the Skidmore car. The appellant assenting, they thereupon took back the Lindenburn car for having such change made and returned with it the next day, bearing the motor number of the Skidmore car. Upon the later discovery made by the state police and Mr. Rockenfield, a special agent of the Automobile Protective Ass'n, that the Lindenburn car sold the appellant was a stolen car, whose original motor serial number had thus been unlawfully changed, he was indicted, charging him with the statutory offense of having unlawfully changed the manufacturer's motor number on the Lindenburn car, denounced as a crime by Section 433.640, KRS.

Upon appellant's trial on this charge, at the conclusion of the introduction of the evidence, the court instructed the jury as follows:

"If the jury believe from the evidence in this case beyond a reasonable doubt that the defendant, Walter J. Bailey, Jr., in this County and before the finding of the indictment herein, did unlawfully, feloniously and wilfully cut off, erase, deface or in any manner remove or alter a serial number placed on the motor of the 1940 Packard automobile referred to in the evidence as the May, Sharpe or Lindenburn car, by the manufacturer, or if they belief from the evidence beyond a reasonable doubt that in this county and before the finding of the indictment herein, the defendant, Walter J. Bailey, Jr., *did wilfully, unlawfully and feloniously aid, assist, abet, advise or encourage any other person or persons* to so cut off, erase, deface or in any manner remove or alter any serial number placed on the car aforesaid by the manufacturer, they will find the defendant guilty and fix

his punishment by confinement in the state penitentiary for any period of time not less than one year nor more than five years, in their discretion.

"Unless the guilt of the defendant has been established by the evidence beyond a reasonable doubt, he is entitled to an acquittal." (Italics ours.)

The jury upon submission of the case upon the evidence and the instructions of the Court including this "aiding and abetting" instruction, found the defendant guilty. Upon the rendition of such verdict and judgment, defendant filed his motion for a new trial, assigning some thirteen grounds in support thereof.

The trial court, in overruling defendant's motion and grounds for a new trial, filed therewith, as part of the record, a memorandum upon the motion and grounds, wherein it set out the court's reason for its complained of rulings thereon.

In view of our conclusion reached that the court erred in overruling appellant's demurrer to this "aiding and abetting" part of the instruction and in its reason assigned in its memorandum opinion for overruling grounds 6, 7 and 8, urging that the court was unauthorized to give such "aiding and abetting" instruction where the indictment charged the defendant alone with committing the crime, we deem it unnecessary to consider the other grounds urged and assigned for reversal and same are expressly reserved without expression of opinion.

The court in its memorandum opinion upon the motion and grounds states that the appellant's objection to the "aiding and abetting" part of the instruction here given was based upon Section 122 of the Criminal Code and by way of justifying its overruling appellant's objection thereto attempts to distinguish between this question presented in the instant case and that presented in Hollin v. Commonwealth, 158 Ky. 427, 165 S. W. 407, L. R. A. 1915E, 608, upon the ground that the evidence here showed no surprise was suffered by the appellant through having been alone indicted.

In the Hollin case it was held, the rule being that it is the purpose of the indictment to acquaint the defendant in concise language as to the charge preferred against him, that it was there improper to give an "'aiding and abetting" instruction where only a single de-

fendant was indicted, as the defendant was in that case shown by the evidence to have been taken by surprise and called upon to meet a state of facts of which he was not aware or apprised of by the indictment.

The court was of the opinion that in the instant case there was an absence of surprise on the part of the appellant which fact distinguished and excepted it from the general rule announced in the Hollin case.

The learned trial judge, by way of supporting his overruling the appellant's objections to his instruction as given, continues in his memorandum opinion to point out his distinction made between the two cases, as justifying his ruling made contrary to the holding in the Hollin case, as follows: "In the Hollin case we find that opinion is based upon the idea that the defendant cannot be taken unawares or by surprise. In other words, that he would have no means of knowing that he would be charged with having assisted anyone else to commit the offense. This, of course, is good law, but this law is not applicable where the rule fails. In this case the defendant based his defense upon the claim that some other persons, whom he was unable to locate and did not know, changed the motor numbers and the names and acts of the other unknown persons were brought into the case by the defendant in making out his defense. Hence he could not have been surprised at the testimony that other persons may have had something to do with making these changes. The proof as to the connection of these other unknown parties with the commission of this offense was brought into the record entirely by the defendant and he was the only one that knew anything about or undertook to testify anything about any connection of these other men with the commission of the offense. He was, therefore, not surprised. The rule fails where no reason for it exists."

However, we find ourselves unable to agree with or approve of the exception the learned trial judge here would make to the stated general rule repeatedly declared and announced by this court, that where by the terms of an indictment the defendant was called upon to defend himself against the charge of committing an offense alone, the court is unauthorized to instruct the jury to find him guilty if he was present and wilfully aiding and abetting another in committing the offense and where so instructing in such case, errs.

The precise question we have here before us was presented in the case of Mulligan v. Commonwealth, 84 Ky. 229, 1 S. W. 417, 419. In that case Mulligan was indicted alone for rape and the trial court instructed the jury that he was guilty if he aided and abetted others in detaining the woman against her will. In sustaining Mulligan's contention that the trial court erred in the instructions given, this court said: ''The object of the indictment is to make known to the accused with what particular crime he is charged, and that the commonwealth will attempt to prove it as charged. So, to indict both the principal and aider and abettor as principals, they are notified that the commonwealth can or will attempt to prove, in order to make out their crime, that one did the principal act and the other aided and abetted, and may prepare their case accordingly * * *. On the other hand, to indict him as the only perpetrator of the crime, and then, on the trial, be permitted to prove that he was not guilty of the crime as charged,—the actual perpetrator of it,—but that some one else not named in the indictment was guilty, and thus secure a conviction, would certainly violate the rule.''

Such being the well settled rule of this jurisdiction, as declared in the Hollin, Mulligan and other Kentucky cases, we are constrained to reject the exception to the rule attempted to be made by the learned trial judge on the ground that the defendant was not here taken by surprise and that therefore, the reasons for the rule having failed, the rule itself failed and became inapplicable.

From this it follows, the court having failed to follow the rule announced in the Mulligan and Hollin cases, wherein this precise question was squarely decided contrary to the ruling of the circuit court, its judgment must be reversed and the cause remanded for further proceedings consistent herewith.