## Cupp v. Commonwealth.

Jan. 28, 1944.

John D. White for appellant.

Hubert Meredith, Attorney General, and Blanche Mackey, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

The appellant was convicted of shooting into a church, an offense denounced by Subsection 4 of KRS 435.170, and sentenced to two years' confinement in the penitentiary.

He urges as grounds for reversal that his demurrer to the indictment should have been sustained; that the evidence for the Commonwealth was not sufficient to take the case to the jury; and that the Court erred in its instructions.

In view of our agreement with the last of these contentions, we shall dispose of the others by merely stating that the indictment, while ineptly drawn, was, in our opinion, sufficient to apprise appellant of the statutory crime with which he was charged (Adkins v. Commonwealth, 292 Ky. 67, 165 S. W. (2d) 983); and that the testimony of Troy Hibbard, while in some respects unsatisfactory, was sufficient to support the charge that appellant shot into the church.

The indictment named only the appellant, and charged him with having fired the shots. Nevertheless, the Court, in a second instruction, authorized his conviction if the jury believed that he had aided and abetted another in firing them. This was clearly erroneous, since one may not be convicted of aiding and abetting another in the commission of a crime, unless he is charged with having done so, or unless the indictment names two or more persons as the perpetrators. Bailey v. Commonwealth, 295 Ky. 441, 174 S. W. (2d) 719, and authorities there cited.

Judgment reversed.