## Stacy v. Commonwealth.

Jan. 18, 1946.

A. E. Cornett for appellant.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant, Fred Stacy, was convicted in the Leslie circuit court of the offense of aiding and abetting his father, James Stacy (the principal), in the commission of the offense by the latter of shooting into the dwelling of Bill Couch, which is one created by KRS 435.170. The indictment of appellant accused him alone of having committed the offense and in which no mention is made of his aiding and abetting his father as principal in *his* commission of the offense, nor was his father jointly indicted with him as a principal in its commission. However, the court instructed the jury, and

submitted to it the sole issue of appellant's aiding and abetting his father as the principal offender.

One of the chief grounds contained in appellant's motion for a new trial was error of the court in overruling his motion for a directed verdict of acquittal, since the evidence was entirely insufficient to sustain his conviction as principal (for which only he was indicted) in the commission of the crime charged in the indictment. There was, however, abundant evidence clearly proving that appellant was guilty of aiding and abetting his father as principal in the commission of the statutory offense. In the circumstances outlined, this court in numerous cases has held that an instruction on aiding and abetting alone, when the accused was the only one charged as principal in the commission of the offense, was reversible error. The latest case from this court so holding is Cupp v. Commonwealth, 296 Ky. 464, 177 S. W. 2d 581. In that case appellant was charged with having committed the same offense of shooting into the dwelling house of another. In the course of that opinion we said:

"The indictment named only the appellant, and charged him with having fired the shots. Nevertheless, the Court, in a second instruction, authorized his conviction if the jury believed that he had aided and abetted another in firing them. This was clearly erroneous, since one may not be convicted of aiding and abetting another in the commission of a crime, unless he is charged with having done so, or unless the indictment names two or more persons as the perpetrators. Bailey v. Commonwealth, 295 Ky. 441, 174 S. W. 2d 719, and authorities there cited.''

In the Bailey case, cited in the Cupp opinion, other preceding authorities directly determining the same question are cited, and still others are listed under Key 80, Volume 6, Kentucky Digest, under the title of Criminal Law, both in the original volume and its supplement. The reason for such holding is, that the defendant on trial should be notified by the indictment of the particular offense that he is called upon to defend, and, since an accusation against one as principal is different in many respects than his participation as aider and abettor of the actual principal, the indictment is insufficient if it accuses defendant as principal only with no notification

to him of any participation in committing the crime solely as aider and abettor of another. But, whatever the reason for the distinction it has become too firmly settled, at least in this jurisdiction, to justify the overruling of the cases so holding.

If, however, the indictment had accused appellant's father and himself jointly, as principals in the commission of the offense, then it would be competent to submit to the jury his guilt as aider and abettor of his father, and likewise to have submitted whether or not he was the principal and his father aided and abetted him. A late case so holding, in which others are cited, is McKinney v. Commonwealth, 284 Ky. 16, 143 S. W. 2d 745, which practice is expressly authorized by KRS 431.160.

The Commonwealth in its brief in this case frankly admits that the error herein relied on—as above outlined—is a substantial one for which a reversal is authorized, citing as an additional authority the case of Fields v. Commonwealth, 277 Ky. 796, 127 S. W. 2d 839, and closing it with this sentence: "The judgment of the lower court should be reversed." We see no way to escape that suggestion.

Wherefore, the judgment is reversed with directions to set it aside, but which will not constitute a bar to a further prosecution under a proper indictment on resubmission to the grand jury, or additional evidence sufficient to convict appellant as principal.