## RICE v. COMMONWEALTH.

Court of Appeals of Kentucky.

June 19, 1953.

Don A. Ward and Sam M. Ward, Hazard, for appellant.

J. D. Buckman, Jr., Atty. Gen., and Squire N. Williams, Jr., Asst. Atty. Gen., for appellee.

SIMS, Chief Justice.

Appellant, Junior Rice, was convicted of storehouse breaking and his punishment was fixed at confinement in the penitentiary for one year. He assigns but one ground for reversal of the judgment, the court erred in instructing the jury.

The indictment charged Rice alone committed the crime. The proof showed several persons broke into the storehouse of Ajax Coal Company on the occasion in question and the court after instructing the jury they should convict Rice if they believed beyond a reasonable doubt that he broke into the storehouse, in a second instruction permitted the jury to convict him if he was "present aiding and abetting such other person or persons in the commission of the crime".

 In a long and unbroken line of decisions, this court has consistently held that where an indictment charged one alone with the commission of a crime, it is error to instruct that he may be convicted if he aided and abetted another in its commission. Mulligan v. Com., 1886, 84 Ky. 229, 1 S.W. 417; Bailey v. Com., 1943, 295 Ky. 441, 174 S.W.2d 719.

The learned assistant attorney general who briefed the case admits this is the law. Also, he admits the rule in this jurisdiction is that an accused does not have to object or except to an instruction at the time it is given and it is sufficient if he raises the question for the first time in his motion for a new trial. Skidmore v. Com., 311 Ky. 176, 223 S.W.2d 739. However, he cites us to a text and to several foreign cases to the effect that an accused to save his exception to an instruction must object at the time it is given, 3 Am.Jur. "Appeal and Error", § 378, p. 108; 53 Am.Jur. "Trial", § 824, p. 604; State v. Wyman, 118 Conn. 501, 173 A. 155, 93 A.L.R. 913; State v. Capiro, 27 N.M. 265, 199 P. 1012, 18 A.L.R. 914; State v. Francis, 152 S.C. 17, 149 S.E. 348,

70 A.L.R. 1133, and he asks us to change our rule.

This invitation we must decline as we think the rule is salutary which puts the burden on the trial court to give the whole law of a criminal case without requiring the accused to question the correctness of the instructions before filing his motion for a new trial.

 The judgment is reversed for this error in the instructions. All other questions are reserved.