**Swango WATTS, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 29, 1954.

A. D. Yelton, Burlington, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

MOREMEN, Justice.

A grand jury of Boone County accused appellant, Swango Watts, of the crime of armed robbery by the following indictment:

"The Grand Jury of Boone County, in the name and by the authority of the Commonwealth of Kentucky, accuse Brown Thompson, Lester Raleigh, and Swango Watts of the crime of armed robbery committed in manner and form as follows, to wit:

"The said defendants Brown Thompson, Lester Raleigh, and Swango Watts in the said county of Boone, on the 30th day of March A.D. 1953, and before the finding of this indictment, did unlawfully, willfully, feloniously, by force and violence and by use and display of pistols, deadly weapons, and by putting in fear of some immediate injury or bodily harm and in fear of life of said Lillian Bristow, the cashier and employee of the Union Deposit Bank of Union, Kentucky, they did take and rob $5,200.00 dollars, the property of the Union Deposit Bank, and in the custody of the said Lillian Bristow against the will and consent of said Lillian Bristow and the Union Deposit Bank. Contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the Commonwealth of Kentucky."

The commonwealth was granted a severance and elected to try appellant, Watts, who was found guilty and sentenced to confinement in the penitentiary for five years.

Appellant urges as grounds for reversal, (1) that having been indicted for armed robbery with no accusation that he was an accomplice, aider or abettor, or accessory before or after the fact, he should not have been tried on the charge of being an accessory after the fact, and (2) that the court erred in giving an instruction on the crime of being an accessory after the fact when the indictment did not charge that offense. We will discuss these points in inverse order.

Since counsel for both parties have found it necessary to discuss at some length our many statutes which deal with robbery, we believe a résumé of them is required.

KRS 433.120 fixes the penalty for the common law offenses of robbery and burglary at confinement in the penitentiary for not less than two nor more than ten years.

KRS 433.140 pertains to armed robbery and fixes the penalty at confinement in the penitentiary for life, or by death.

KRS 433.150 applies in cases of armed assault with intent to rob and sets forth the penalty of confinement in the penitentiary for twenty-one years or for life, or by death.

KRS 433.160 deals with accessories after the fact to certain special crimes, and reads:

"Any person knowingly aiding or giving protection or comfort to any person who has committed an act of robbery or burglary within the meaning of KRS 433.120 or 433.130 shall be confined in the penitentiary for not less than two nor more than ten years."

KRS 433.130 referred to in the quoted statute deals with burglary of a bank or safe and is not applicable here, and, since appellant was not indicted under KRS 433.

120, the said sections, together with KRS 433.160, may be eliminated from consideration.

When we reconsider the indictment above quoted, we find it was returned under KRS 433.140, the violation of which carries the punishment of confinement in the penitentiary for life, or by death.

Instruction No. 2 given by the court properly submitted this matter to the jury. However, Instruction No. 3 required the jury to believe that Brown Thompson and Lester Raleigh by force of arms or with display of a pistol committed the robbery, and further required the jury to find "that the defendant, Swango Watts, unlawfully, knowingly, and feloniously gave aid, protection, or comfort to the defendants, Brown Thompson and Lester Raleigh, after they had committed the robbery, then you will find the defendant, Swango Watts, guilty as an accessory after the fact and fix his punishment at confinement in the State Penitentiary for a period of not less than two years nor more than ten years in your discretion."

It is plain that the court based this instruction and set forth the penalty under KRS 433.160 which we have quoted above. We believe that in this the court was in error. The statute applicable (we will later discuss whether any instruction on this point should have been given at all) was KRS 431.170 which reads in part:

"An accessory after the fact, not otherwise punished, shall be guilty of a high misdemeanor, and fined and imprisoned at the discretion of the jury. * * *"

KRS 431.075 provides that any person convicted of a common-law offense, the penalty for which is not otherwise provided by statute, shall be imprisoned in the county jail for a term not exceeding twelve months, or fined a sum not exceeding $5,000 or both. Therefore, even if it was proper to give an instruction on this phase of the case, it is plain that Instruction No. 3 provided an improper punishment.

We believe appellant is also correct in his contention that no instruction at all should have been given under which the jury could find appellant guilty of being an accessory after the fact. He was indicted as a principal. We have held in a number of cases that where the indictment names two or more persons as the perpetrators, either one may be convicted as an aider and abettor of the other in the commission of the crime. Bailey v. Commonwealth, 295 Ky. 441, 174 S.W.2d 719; McKinney v. Commonwealth, 284 Ky. 16, 143 S.W.2d 745; KRS 431.160. But where the accused is the only one charged as principal in the commission of the offense, no instruction may be given on aiding and abetting alone. Cupp v. Commonwealth, 296 Ky. 464, 177 S.W.2d 581; Stacy v. Commonwealth, 301 Ky. 379, 192 S.W.2d 94. The reason for this distinction is obscure. See the discussion in the Stacy case aforesaid.

However, this rule does not apply in cases involving an accessory after the fact. In Reed v. Commonwealth, 270 Ky. 447, 109 S.W.2d 1198, 1199, the court said:

"The indictment did not charge Chaney with being an accessory after the fact, and it was therefore error to give an instruction on that offense. An accessory after the fact is one 'who knowing a felony to have been committed harbors the felon or renders him any other assistance to elude punishment.' He is not an accomplice or principal. Levering v. Com., 132 Ky. 666, 117 S.W. 253; 136 Am.St.Rep. 192, 19 Ann.Cas. 140. Section 1129 of the Kentucky Statutes provides that accessories after the fact not otherwise punished shall be guilty of high misdemeanors and fined and imprisoned at the discretion of the jury. Chaney's motion for a directed verdict in his favor should have been sustained."

It is hard to reconcile the holding in that case with the ruling in the earlier case of Jackson v. Commonwealth, 265 Ky. 458, 97 S.W.2d 21. There the indictment charged

a conspiracy and, in separate counts, charged each of the accused as principal and his or her associates as aiders and abettors. The crime involved was "'robbery by the use and display of offensive and deadly weapons, to-wit: pistols.'" The court held the trial court should have given an instruction under Kentucky Statutes, § 1159a, then in force, which read:

"'That any person or persons aiding or giving protection or comfort, knowingly to any person or persons who has committed acts of robbery or burglary, robbery of bank or safe, shall be confined in the State Penitentiary not less than two nor more than ten years'",

and reversed the judgment on the ground that there had been a failure to instruct as to every state of case deducible from the evidence. However, the question of whether it is first necessary to accuse one of being an accessory after the fact before he is tried for that offense was not discussed. The opinion does recite the fact that the defendant had been indicted as principal and as "aider and abettor," and this gave notice to the accused that under the statute, § 1159a, as then written, he was being indicted for giving protection or comfort to the persons who actually committed the robbery.

We recognize full well the distinction between being an "aider and abettor" and an accessory after the fact and, although the opinion seems to treat the phrases as having similar meaning, a careful reading of the opinion will disclose this situation: (1) the indictment charged the defendant as principal and as aider and abettor; (2) defendant contended that he was an aider and abettor under Kentucky Statutes, § 1159a which, as above pointed out, penalizes the giving of aid or protection to one who has committed an act of robbery; (3)

it was held that defendant had been accused and was entitled to an instruction under section 1159a. It is true the opinion makes a statement that the statute refers to an accessory after the fact but we have no reason to conclude that the indictment itself did not particularly accuse defendant of giving aid and comfort to a person who had committed an act of robbery. We do not believe this case to be authority for the proposition that where one is being tried as principal for an act of robbery, it necessarily follows that being an accessory after the fact is a lesser degree of that crime and that the jury should be so instructed even though no indictment had been returned charging the latter offense.

In conclusion it should be pointed out that when the General Assembly of 1942 adopted the Kentucky Revised Statutes, that portion of Carroll's Kentucky Statutes, § 1159a construed in the Jackson case became KRS 433.160 which we have discussed above. The revised statute by its specific terms tied down its application to the common-law offense of armed robbery and to instances of burglary of a bank or safe but, here, we are considering a different statute from the one discussed in the Jackson case.

In Fidelity & Columbia Trust Co. v. Meek, 294 Ky. 122, 171 S.W.2d 41, we pointed out that with certain exceptions, which do not appear in this case, former laws are deemed repealed and changed by enactment of the revised statutes and whatever the revised statutes contain must be treated as being put there deliberately by the Legislature with the intent that it should have vitality.

It was conceded in the instant case that appellant was convicted under KRS 433.160. It has no application here.

The judgment is therefore reversed for proceedings consistent with this opinion.