**Charles Edward BROWN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

July 27, 1973.

Stuart L. Lyon and David Kaplan, Louisville, for appellant.

Ed W. Hancock, Atty. Gen., Richard E. Fitzpatrick, Asst. Atty. Gen., Frankfort, for appellee.

MILLIKEN, Justice.

Charles Edward Brown was convicted of aiding and abetting another of voluntary manslaughter and aiding and abetting another of malicious shooting and wounding with intent to kill. He was sentenced to serve a total of 31 years in the penitentiary. Brown appeals. We reverse.

Evidence in behalf of the Commonwealth may be summarized as follows: Joseph Martin Durbin and Kenneth Ray Campbell accepted the solicitations of a couple of prostitutes. Upon completion of their "dates" the boys paid the girls only $5.00 each when the girls demanded $10.00 each. The girls were furious. Later that evening the boys were in a car parked in front of Durbin's house when the girls,

with appellant and two other male companions, drove past and parked around the corner. The three men walked back to where Durbin and Campbell were sitting in the car and shots were fired by one or more of the three men when they reached the Durbin car. Durbin received a fatal wound, while Campbell was wounded but not killed.

Appellant complains that the court was in error in permitting the indictment to be amended at the close of all the evidence. He argues that his defense had been "geared" to combatting the original charges and he was not prepared to defend on the amended charges. RCr 6.16 provides:

"The court may permit an indictment or information to be amended any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced."

The two counts in the original indictment charged the accused " * * * wilfully murdered Joseph Martin Durbin by shooting him," and " * * * maliciously shot and wounded Kenneth Roy Campbell, intending to kill him," but the amendments of the two counts, after the evidence was in, charged the accused with aiding and abetting unknown persons in the commission of the offenses, and the ensuing instructions covered the amendment of the original charges. It has long been the law of this state "* * * that where an indictment charged one alone with the commission of a crime, it is error to instruct that he may be convicted if he aided or abetted another in its commission." Rice v. Commonwealth, Ky., 259 S.W.2d 440 at page 441 (1955). See also the following cases: Mulligan v. Commonwealth, 84 Ky. 229, 1 S.W. 417 (1886); Bailey v. Commonwealth, 295 Ky. 441, 174 S.W.2d 719 (1943); Cupp v. Commonwealth, 296 Ky. 464, 177 S.W.2d 581 (1944); Stacy v. Commonwealth, 301 Ky. 379, 192 S.W.2d 94 (1946); Rice v. Commonwealth, 259 S.W.2d 440 (Ky.1953); Watts v. Common-

wealth, 272 S.W.2d 475 (Ky.1954), and Neal v. Commonwealth, 302 S.W.2d 573 (Ky.1957).

In view of these precedents we conclude that the amendment of the indictment to charge the commission of the crimes as an aider and abettor rather than a principal was prejudicial to the appellant's substantial rights and consequently was impermissible under RCr 6.16.

For generic reference, see 41 Am.Jur.2d, Indictments and Informations, Sections 188 through 199 as to Amendments of Indictments; Section 12 of the Kentucky Constitution and annotations thereto; 17 A.L.R. 3d 1228; Vol. 8 Moore's Federal Practice, Chapter 7 as to Federal Rules.

The judgment is reversed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.